HOLMES v. PHENIX INS. CO. OF BROOKLYN, N. Y.

(Circuit Court of Appeals, Eighth Circuit. November 20, 1899.)

No. 1,236.

1. INSURANCE—CONSTRUCTION OF POLICY.

In a policy of insurance against "loss or damage by wind storms, cyclones, or tornadoes," containing a provision that the company "will not be liable for any loss or damage that may occur from hail or lightning, directly or indirectly, or by the blowing down of chimneys, loose clapboards, weather vanes and shingles, unless other damage occur," the words, "unless other damage occur," apply only to the last member of the sentence, relating to minor damage by wind, and the company is not liable, in any event, for loss or damage occurring from hail or lightning.

2. CONTRACTS—RULES OF CONSTRUCTION—PUNCTUATION.

The construction of a written contract is determined by the words used, and their relation to each other, and not by the punctuation.

In Error to the Circuit Court of the United States for the Western District of Missouri.

Sanford B. Ladd (John C. Gage and Charles E. Small, on the brief), for plaintiff in error.

M. A. Fyke, Ed. E. Yates, C. V. Fyke, and E. L. Snider, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. The Phenix Insurance Company of Brooklyn, N. Y., insured "James T. Holmes against loss or damage by wind storms, cyclones, or tornadoes" to the building described in the policy. The policy contains this provision: "This company will not be liable for any loss or damage that may occur from hail or lightning, directly or indirectly, or by the blowing down of chimneys, loose clapboards, weather vanes and shingles, unless other damage occur." The building insured was damaged by a wind and hail storm, the chief damage occurring from the hail. The insured brought this action against the insurance company to recover for the damage done to the building by the hail as well as by the wind. The lower court instructed the jury that "all damage done to this building which was the result of the injury done by hail is not recoverable in this action for the reason that the policies exempt the company from damage or loss from hail." The giving of this instruction was duly excepted to by the plaintiff, and is the only error assigned.

The contention of the learned counsel for the plaintiff in error is that, when it was shown that damage was done to the building by the wind, the company was also liable for the damage done by the hail; that the words in the clause of the policy last quoted, "unless other damage occur," are not restricted to the last member of the sentence, namely, to damage done by the wind other than that done "to chimneys, loose clapboards, weather vanes and shingles," but that those words relate back to the first member of the sentence, and include damage done by "hail and lightning." The clause will not admit of any such construction. The words, "unless other damage occur," are manifestly restricted to the last member of the sentence, and refer to damage occurring from the thing insured against, namely, "wind storms," and are operative when the wind has damaged the building over and above "the blowing down of chimneys," etc. The obvious meaning of these words is precisely the same as if the clause read, "unless other damage occur" *from wind*. The last two words, which we have italicized, are plainly implied, and what is implied in a contract is as much a part of it as what is expressed. When the meaning of a statute or contract is perfectly plain and unambiguous, any ratiocination to make it plainer simply serves to make that which was before plain obscure.

But it is said that in the policy the two members of this clause are divided by a comma only, and stress is laid upon this fact. But in a contract the words, and not the punctuation, are the controlling guide in its construction. Punctuation is no part of the English language. The supreme court say that it "is a most fallible guide by which to interpret a writing." Ewing's Lessee v. Burnet, 11 Pet. 41, 54, 9 L. Ed. 624. The Century Dictionary tells us, what is common knowledge, that "there is still much uncertainty and arbitrariness in

punctuation." It is always subordinate to the text, and is never allowed to control its meaning. The court will take the contract by its four corners, and determine its meaning from its language, and, having ascertained from the arrangement of its words what its meaning is, will construe it accordingly, without regard to the punctuation marks, or the want of them. The sense of a contract is gathered from its words and their relation to each other, and, after that has been done, punctuation may be used to more readily point out the division in the sentences and parts of sentences. But the words control the punctuation marks, and not the punctuation marks the words. If there was not a punctuation mark in this whole clause, its meaning would be plain, and, whether a comma or a semicolon is placed between the two members of the sentence, the two members are there, separate and distinct, as a result of the obvious meaning of the words and their arrangement. The comma and semicolon are both used for the same purpose, namely, to divide sentences and parts of sentences, the only difference being that the semicolon makes the division a little more pronounced than the comma; but at the last it is the sense of the words, taken together, that dictates where the punctuation marks are to be placed, and what they shall be.

Another contention of the plaintiff in error is that the insertion of the provision regarding hail is tantamount to a declaration on the part of the company that, without it, the policy would have bound the company to pay for damage done by hail. There is no ambiguity in either clause, and no conflict between them. The insurance clause plainly states what it insures against, namely, "wind storms, cyclones, and tornadoes,"—not hail or hail storms. The two clauses are cumulative, but in no sense inconsistent or conflicting.

The rule for interpretation and construction of policies of insurance is pressed upon our attention to the effect that:

"If a policy is so drawn as to require interpretation, and to be fairly susceptible of two different constructions, the one will be adopted that is most favorable to the insured. This rule, recognized in all the authorities, is a just one, because those instruments are drawn by the company." Thompson v. Insurance Co., 136 U. S. 287, 297, 10 Sup. Ct. 1023, 34 L. Ed. 413.

Many other decisions of the supreme court of the United States and other courts, to the same effect, are cited. We recognize in the fullest manner the binding obligation of these settled canons of construction. But when, as in the case at bar, there is no ambiguity in the policy, and no inconsistent or conflicting provisions, and nothing requiring construction or interpretation, there is no room for their application. The judgment of the circuit court is affirmed.