FANNIE WOOD v. K. K. WOOD.

(Filed 20 April, 1921.)

**1. Actions—Suits—Divorce—Venue—Statutes.**

The common-law rule that the wife should bring her action for divorce in the domicile of her husband was changed by Rev., 1559, under the title of "Venue," providing that the summons be returnable to the county

wherein the applicant resides, and by amendment, chapter 229, Public Laws 1915, making the summons returnable to the county in which either the plaintiff or defendant resides.

**2. Same—Demurrer.**

A demurrer to an action for divorce brought by the wife in the county of her own residence, when the husband resides in a different county, on the ground that the summons should have been made returnable to the county of his residence, is bad.

APPEAL by defendant from *Ray, J.,* at November Term, 1920, of DAVIDSON.

This is an action for divorce *a mensa et thoro* because of cruel treatment, which rendered *feme* plaintiff's condition intolerable and her life burdensome.

It is not necessary to set forth in detail the specific allegations of cruelty. The case is here upon a motion to remove the same for trial to the county of Davie, where plaintiff's husband resides and has his domicile.

The motion was denied. Defendant thereupon appealed.

*Walser & Walser for plaintiff.*
*J. R. McCrary, A. T. Grant, Jr., and E. L. Gaither for defendant.*

WALKER, J. The defendant contends that the domicile of the wife is that of her husband, and therefore the action should have been brought in Davie County, and relied mainly upon *Smith v. Morehead,* 59 N. C., 360, where the husband resided in one county of·this State and the action was brought by the wife in another county. The court dismissed the bill for want of jurisdiction because, according to the common law, the residence of the wife was that of her husband, and therefore the venue had been improperly laid.

Conceding that to be the rule of the common law, it does not apply to this case, as the law has been changed by statute. In the Revisal of 1905, sec. 1559, it is provided, under the title of "Venue," that "In all proceedings for divorce the summons shall be returnable to the court of the county in which the applicant resides," and by Public Laws 1915, ch. 229, that section was amended by striking out the final words, "the applicant resides," and inserting in place thereof the words "either the plaintiff or defendant resides," so that it now reads: "In all proceedings for divorce the summons shall be returnable to the court of the county in which either the plaintiff or defendant resides." Either one of these sections, the original one or that which was changed by amendment, is sufficient, in our judgment, to show clearly the intention of the Legislature to change the rule of the common law as laid down in *Smith*

*v. Morehead, supra.* If this is not so, why change the statute at all, or why not simply have provided that the action should be brought in the county where the husband resided or had his domicile? The section, before amendment, required the action to be brought in the county "where the applicant resided." This obviously implied that each of the possible applicants might have a different residence from the other, but this would not be so, if the ancient common-law rule still prevailed, because there was but one domicile, which was that of the husband. And the amended section is, if anything, much more significant of an intention to change the law and accord to the wife, if plaintiff in the action, the right to sue in the county of *her* residence, as distinguished from that of her husband, for the section, as it now reads, provides that the venue in an action for divorce may be laid in the county where the plaintiff or the defendant resides, thereby plainly recognizing that the parties to the suit may have different residences, for the purpose of determining the venue or place of trial. We cannot admit, for a moment, that the Legislature would do so vain and useless a thing as to enact and then change the statute without intending to alter the former rule of law as stated in *Smith v. Morehead, supra.*

The defendant contends, though, that there are several cases decided since the act of 1871-2, ch. 193 (Rev., 1559), was enacted which have cited *Smith v. Morehead, supra,* with approval, and the inference is drawn therefrom that it has been affirmed on this point, as will appear in the report of those cases, which are the following: *Hicks v. Skinner,* 71 N. C., 539; *S. v. Ross,* 76 N. C., 242; *Moore v. Moore,* 130 N. C., 335; *Cook v. Cook,* 159 N. C., 47. We have carefully examined all of those decisions and none of them applies to this case. *Hicks v. Skinner* was an action to determine the equities of the wife in a trust fund held by Mr. B. F. Moore; the plaintiffs, who were her husband's creditors, alleging that all her rights had passed to her husband because of the unity of husband and wife. *S. v. Ross, supra,* was an indictment for fornication and adultery, and involved the validity in this State of a marriage between a white person and a negro, contracted and solemnized in another where such marriages were lawful and valid. In *Moore v. Moore, supra,* the plaintiff, who was the wife, had gone to another State for a temporary purpose, and at her husband's request, with the intention of returning to this State, and afterwards she did return to this State, and after being disowned by her husband, she resided here separately from him for more than the required two years. The court sustained her action against a motion to dismiss it. That case would, in principle and legal effect, seem to be against the defendant. The question in *Cook v. Cook, supra,* was not one of venue, but related to the pendency of another action. It is, however, to be noted that the

defendant in that case, who was the husband, did not ask for a change of venue from Wake County, where his wife had sued him for divorce *a mensa,* to Alamance County, where he had sued his wife for divorce *a vinculo,* but virtually admitted her right to sue in Wake County, although her husband resided in Alamance County. The only question presented and decided in that case was as to the plea of the pendency in Alamance County of his suit for divorce *a vinculo.* So, while the court did not discuss or decide the question herein presented, it was tacitly conceded that the suit had been brought in the proper county. In none of those cases was any reference made, even remotely, to the change in the law as to venue, which was wrought by Rev., 1559, because, we suppose, there was no need to do so, as the question we have here was not raised in any of them. The nearest to it is what was said in the *Moore case,* and that impliedly holds that the wife can have a separate domicile for the purpose of venue, for the plaintiff there did live in this State, and away from her husband, for two years or more before her suit was commenced.

Some of the courts in other jurisdictions hold that where the wife is compelled by her husband's conduct to separate herself from him and dwell in a home of her own, she may bring her action for divorce in the county of her own actual domicile, but we are not required to decide as to the correctness of this view, and express no opinion upon it.

The result is that there was no error in refusing to remove the case.

Affirmed.