13680

LILLARD v. SEARSON

(170 S. E., 449)

*Messrs. Searson & Searson,* for appellant,

*Mr. John E. Edens,* for respondent,

July 31, 1933.

The opinion of the Court was delivered by Mr. Justice Carter.

This action, commenced in the County Court for Richland County, by service of summons and complaint on the defendant in the City of Columbia, said county and State, in October, 1932, is a suit on a promissory note, alleged by the plaintiff to have been executed and delivered unto the plaintiff by the defendant, March 13, 1929, for the sum of $230.90 due April 13, 1929, with interest thereon. Upon the defendant's failure to answer, judgment by default was rendered against him for the full amount sued for, together with interest and costs, October 27, 1932. It further appears that on the date judgment was rendered entry of the same was made in the office of the Clerk of Court of Common Pleas of the said County of Richland, and execution was issued on said judgment. It further appears, from the record before us, that on November 1, 1932, the defendant served upon the plaintiff and his attorney in the cause notice of a motion to vacate and set aside the judgment. The motion was heard by Hon. M. S. Whaley, Judge of said County Court, who, upon due consideration, refused the said motion. From this order refusing to vacate said judgment, the defendant has appealed to this Court.

According to statement contained in defendant's notice of motion, the appearance of the defendant in Court was intended solely for the purpose of the motion to vacate the judgment, which motion, according to statement contained in the notice, was intended to be "addressed strictly and exclusively to want of jurisdiction on the part of the Court to render judgment against the defendant," who is, and was at the time of the commencement of the action, a resident, not of Richland County, but of Allendale County. The defendant further stated in effect, in his notice of motion, that the

motion was based upon the record and upon an annexed affidavit of the defendant. In this affidavit the defendant not only stated his place of residence to be Allendale County instead of Richland County, where the said suit was instituted, but explained why he had not moved earlier to have the case dismissed on account of a lack of jurisdiction on the part of the said Court. In the said notice of motion attention was also called to the fact that the complaint contained no allegation that the defendant was at the time of the commencement of the action a resident of Richland County. His Honor also had before him, in passing upon the said motion, in addition to the above-mentioned papers, an affidavit on the part of the plaintiff to the effect that the claim on which the suit was based was just and that the defendant had no meritorious defense to the same.

We agree with the conclusion reached by the Judge of the lower Court, and think that the same is in accord with the decisions of this Court. It is true that, except in certain actions named to be tried where the cause of action arose, the law of this State requires that the action shall be tried in the county in which the defendant resides at the time of the commencement of the action; unless there be more than one defendant, and in such event the action may be tried in any county in which one or more of the defendants to such action resides at the time of the commencement of the action. See Sections 421, 422, Code 1932. Since it clearly appears that the defendant named in the case was not a resident of Richland County, at the time the action was instituted against him, but was a resident of Allendale Conty, the action was instituted in the wrong county, and the proper course to have pursued was for the defendant to have moved to have the case transferred to Allendale County. For, while under the above-named sections of the Code the Court had no jurisdiction to try the case on its merits, it had jurisdiction to hear a motion to transfer the case to the proper county, and, if the defendant had pursued

this course before time for answering expired, the Court would have been bound to have granted the motion. However, the defendant did not do this, and waited until judgment had been rendered in the cause before taking any steps in the matter. Therefore the defendant waived the jurisdictional question, and, in effect, gave to the Court of Richland County authority to hear the said case on its merits, and judgment was thereafter rendered in said Court against the defendant as in any other default case. The contention is made that, the question being a jurisdictional question, the same could not be waived, even by the defendant—by direct act or by failure to appear. This is true when jurisdiction of subject-matter is involved, for the subject-matter cannot be waived even by consent, but it is the recognized rule of this Court that jurisdiction of the person may be waived. Therefore, the question involved in the case at bar being jurisdiction of the person, it is clear that the defendant had the right to waive such question, and under the facts of this case we must hold that the defendant did waive the same by his failure to file any paper in the cause or take any steps until after the time for doing so prescribed under the Code had passed.

It is the further contention of appellant, in effect, that the failure to move in the case sooner was due to a condition he could not control, as set forth and explained in the defendant's affidavit presented to the lower Court on the hearing, and that therefore the Court below should have set aside the judgment. The trouble with this position is that the defendant failed to state in his affidavit or to show in any other way that he had a meritorious defense to the claim alleged in the plaintiff's complaint and on which judgment was rendered. It is the general rule of force in the Courts of this State that, when a judgment has been rendered against a defendant on account of his failure to appear in some form within the required time, in order to be entitled to have such judgment opened up, a showing must

be made that he has a meritorious defense. This was not done in the case at bar. No certificate was filed and no showing was made on this line on the part of the defendant, notwithstanding the fact that the plaintiff's affidavit tended to show that the claim sued on was just and due. We therefore cannot hold that the lower Court was in error in overruling the defendant's motion.

In support of the views herein expressed, we call attention to the following cases of this Court: *Parker & Company v. Grimes & Company,* 9 S. C., 284; *Irby v. Henry,* 16 S. C., 617; *Ware v. Henderson,* 25 S. C., 385; *Geiser Mfg. Co. v. Sanders,* 26 S. C., 70, 1 S. E., 159; *Bell v. Fludd,* 28 S. C., 314, 5 S. E., 810; *Garrett v. Herring Furniture Co.,* 69 S. C., 278, 48 S. E., 254; *Jenkins v. Railway,* 73 S. C., 292, 53 S. E., 841; *McGrath v. Insurance Company,* 74 S. C., 71, 54 S. E., 218; *Silcox & Co. v. Jones,* 80 S. C., 484, 61 S. E., 948; *Jenkins v. Railway Co.,* 84 S. C., 350, 66 S. E., 409; *All v. Williams,* 87 S. C., 101, 68 S. E., 1041, Ann. Cas., 1912-B, 837; *Ex parte Townes,* 97 S. C., 56, 81 S. E., 278; *Sanders v. A. C. L. Railway Co.,* 114 S. C., 164, 103 S. E., 564; *Hodge v. Sov. Camp, W. O. W.,* 134 S. C., 347, 132 S. E., 822; *Ex parte Jones,* 160 S. C., 64, 158 S. E., 134, 77 A. L. R., 235; *Mahon v. Burkett,* 160 S. C., 48, 158 S. E., 141.

While we have not discussed separately the several exceptions presented by appellant, we have duly considered the same in our study of the case, and are forced to the conclusion that the order and judgment of the lower Court should be sustained.

It is therefore the judgment of this Court that the judgment of the lower Court be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE STABLER: We concur under authority of *Rogers v. Towns,* 97 S. C., 56, 81 S. E., 278.

MR. JUSTICE BONHAM (concurring) : I am constrained to concur in this opinion by the holdings of the Court heretofore made in relation to this subject. The hands of the Court are tied by the doctrine of *stare decisis*. But I have never been in sympathy with the rule established by the decisions of this Court which relates to the question of waiver of jurisdiction. It is to be hoped that some member of the bar who is a member of the General Assembly will induce legislative action to change this condition.