14411

ROSAMOND v. LUCAS-KIDD MOTOR CO., INC., *ET AL.*

(189 S. E., 641)

332

*Messrs. Watkins & Prince* and *Price & Poag,* for appellants,

*Messrs. J. Robt. Martin,* for respondent, Dorothy Farrow, and *Hicks and Johnston,* for respondent,

January 11, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This is an action to recover damages, which it is alleged by the complaint were suffered by the plaintiff in consequence of a collision between cars driven by plaintiff and

the defendant Hayes, respectively. The collision occurred in Greenville County, S. C., on a highway between Greenville and Hendersonville, N. C. The day of the occurrence was Sunday, April 22, 1935. The plaintiff demanded actual and punitive damages against all of the defendants; the car driven by Hayes was attached by plaintiff.

The complaint further alleged that Lucas-Kidd Motor Company is a corporation with its principal place of business at Anderson, S. C.; that Hayes was the agent of Lucas-Kidd Motor Company, and at the time of the accident was driving the car which was in collision, and which was owned by Lucas-Kidd Motor Company; that Ralph Hayes was in the employ of Lucas-Kidd Motor Company and was engaged within the scope of his employment at the time the collision occurred; that the defendant Dorothy Farrow was riding in the car with Hayes; that in the effort to escape therefrom because of the drunken condition of Hayes, she interfered with his driving, thus causing him to leave the road, and, as a result of their joint acts of negligence, carelessness, and willfulness, the injuries to plaintiff were caused; that the acts of the defendants were, jointly negligent, willful, and wanton in (a) driving the automobile at an excessive and unlawful rate of speed; (b) driving on the wrong side of the road; (c) failure to keep a proper lookout; (d) driving while drunk; (f) that the defendant Farrow participated in these acts while she knew or should have known that the driver was drunk, and by interfering with him.

The defendant Hayes, by way of answer, set up (1) a general denial, but admitted that he is a citizen of Anderson County; (2) contributory negligence on the part of plaintiff; (3) counterclaim against plaintiff for his injury and damage.

The answer of Lucas-Kidd Motor Company set up (1) general denial, but admitted its corporate capacity, and that its principal place of business is in Anderson, S. C., and that

Ralph Hayes is a citizen of Anderson County; (2) it pleaded the contributory negligence of plaintiff.

Dorthy Farrow, for answer, (1) admits that Lucas-Kidd Motor Company is a corporation with its principal place of business at Anderson, S. C., that Ralph Hayes is a resident of Anderson County; that the car in which she was riding at the time of the collision was the property of Lucas-Kidd Motor Company and was in the hands of its agent and servant when the accident occurred. She answered further by setting up a counterclaim against the plaintiff and a cross-complaint against her codefendants; she admits that she took passage in the car with Hayes thinking he was sober; that when she discovered he was heavily under the influence of whiskey, she tried unsuccessfully to get out of the car, but did not interfere with the driver except by words and pleading. She was thereafter an unwilling and involuntary guest of Hayes; that soon after entering the car Hayes, while driving at a high rate of speed, without keeping a proper lookout, met the plaintiff, each being in the center of the road and neither yielding the right of way and plaintiff driving at an unlawful rate of speed, they crashed into each other, from which she suffered personal injuries, she alleges that her injuries were due to the joint and concurrent negligent, willful, and wanton acts of Lucas-Kidd Motor Company and Ralph Hayes, with that of H. L. Rosamond. By her counterclaim and cross-complaint, she asks judgment against the plaintiff and the named defendants.

The plaintiff replied to the counterclaim of the defendants Hayes and Dorothy Farrow by denying the allegations thereof.

Lucas-Kidd Motor Company and Ralph Hayes replied to the cross-complaint of the defendant Farrow by a general denial and the plea of the guest statute (Code 1932, § 5908), and answered the counterclaim of the same defendant by denying the allegations thereof.

The case was heard by Hon. A. L. Gaston, Circuit Judge, and a jury, at Greenville, S. C., and resulted in a verdict for the plaintiff against Lucas-Kidd Motor Company and Ralph Hayes for actual and punitive damages in the sum of $2,000.00, and in favor of Dorothy Farrow against the named defendants in the sum of $300.00, actual and punitive damages.

At the conclusion of the testimony for plaintiff a motion for nonsuit on behalf of Lucas-Kidd Motor Company was made and overruled. Thereupon a motion was made on behalf of Lucas-Kidd Motor Company and Ralph Hayes to transfer the case to Anderson County for trial on the ground that there was a failure on the part of the plaintiff to connect the codefendant Farrow, a resident of Greenville County, with the accident; that this defendant had failed to make out any case against the plaintiff on her counterclaim; that the clear purpose of joining Farrow as a codefendant was to give venue to Greenville County of citizens and residents of Anderson County. The motion was denied.

At the conclusion of all the testimony for plaintiff and the codefendant Farrow, both of these motions were renewed and overruled.

At the conclusion of all of the testimony for all of the parties, the motion for a directed verdict as to the defendant Lucas-Kidd Motor Company in so far as the plaintiff's case was concerned, as well as that of the codefendant Farrow, was made and overruled.

The appeal is by Lucas-Kidd Motor Company, Inc., and Ralph Hayes, based upon five exceptions, which the appellants' counsel in their brief say make four questions, viz.:

"1. Did the Court err in refusing the motion of the defendants, Lucas-Kidd Motor Company and Ralph Hayes, to transfer the case to Anderson County for trial?

"2. Did the Court err in refusing the motion of Lucas-Kidd Motor Company for nonsuit on the grounds that there was no testimony showing that at the time of the ac-

cident Ralph Hayes was an agent of the codefendant, Lucas-Kidd Motor Company, and acting at that time in the actual course and scope of his employment?

"3. Did the Court err in refusing the motion for a directed verdict by the defendant, Lucas-Kidd Motor Company, on the ground that the testimony as well as all reasonable inferences to be drawn therefrom, showed that the defendant, Ralph Hayes, was not at the time of the accident acting in the actual scope and course of his employment?

"4. Did the Court err in refusing the motion of the Lucas-Kidd Motor Company for a directed verdict on the ground that the evidence showed that the defendant, Hayes, was at the time an independent contractor for whose acts in the transaction of his business the Lucas-Kidd Motor Company was not responsible?"

This long narrative has been necessary in order to put the Court in possession of the facts which culminate in the salient issues to be decided.

It appears from the record that the trial of the case had progressed to the point where the plaintiff had closed his testimony in chief, before any question was made that Greenville was not the place of residence of the defendants Lucas-Kidd Motor Company and Ralph Hayes, and that Dorothy Farrow was not a proper or necessary party to the suit, but was joined solely for the purpose, as appellants express it, "of giving venue" to Greenville County.

The statute relating to the place of trial of actions of the nature of this one is unambiguous; difficulty sometimes arises, as in this case, in its application. It is found in Vol. 1, Code 1932 (Section 422), in these words:

"In all other cases the action shall be tried in the county in which the defendant resides at the time of the commencement of the action; and if there be more than one defendant, then the action may be tried in any county in which one or more of the defendants to such action resides at the time of the commencement of the action."

A defendant has the absolute right, and it is a valuable one, to have an action against him brought in the county of his residence.

It is admitted that at the time of the commencement of this action the defendant Lucas-Kidd Motor Company, Inc., had its principal place of business at Anderson, and at that time the defendant Ralph Hayes had his place of residence in the County of Anderson.

The first question to be considered in determining the question made by the first exception is, Was the motion to transfer the case timely made? It is true, as the appellant contends, that the section under review fixes no specific time when the motion to transfer shall be made, but in reason it is logical to believe that the statute intends that when the summons is served on a defendant and he is apprised that an action is begun against him in another county than that of his residence, he will, before pleading to the action, take the necessary steps to have the case transferred. If he stands idle thereabout, pleads to the action in the county in which it is brought, will he not be held to have waived the question of residence? Can he take his chances there without objection and, having lost there, say, "Your judgment against me is worthless; you did not sue me in the county of my residence," although he has submitted himself to the jurisdiction of the Court in the county where the case was tried?

The identical question arose and was decided in the case of *Lillard v. Searson,* 170 S. C., 304, 170 S. E., 449, 450. There the defendant was sued in Richland County on a promissory note; he made default and judgment went against him; thereafter he moved to vacate the judgment on the ground that the Court of Richland County had no jurisdiction since, at the time of the commencement of the action, defendant's place of business was in Allendale County. The motion to vacate was refused and defendant appealed. On the appeal this Court said:

"We agree with the conclusion reached by the Judge of the lower Court, and think that the same is in accord with the decisions of this Court. It is true that, except in certain actions named to be tried where the cause of action arose, the law of this State requires that the action shall be tried in the county in which the defendant resides at the time of the commencement of the action; unless there be more than one defendant, and in such event the action may be tried in any county in which one or more of the defendants to such action resides at the time of the commencement of the action. See Sections 421, 422, Code 1932.

"Since it clearly appears that the defendant named in the case was not a resident of Richland County, at the time the action was instituted against him, but was a resident of Allendale County, the action was instituted in the wrong County, and the proper course to have pursued was for the defendant to have moved to have the case transferred to Allendale County. For, while under the above-named sections of the Code the Court had no jurisdiction to try the case on its merits, it had jurisdiction to hear a motion to transfer the case to the proper county, and, if the defendant had pursued this course before time for answering expired, the Court would have been bound to have granted the motion. However, the defendant did not do this, and waited until judgment had been rendered in the cause before taking any steps in the matter. Therefore the defendant waived the jurisdictional question, and, in effect, gave to the Court of Richland County authority to hear the said case on its merits, and judgment was thereafter rendered in said Court against the defendant as in any other default case. The contention is made that, the question being a jurisdictional question, the same could not be waived, even by the defendant—by direct act or by failure to appear. This is true when jurisdiction of subject-matter is involved, for the subject-matter cannot be waived even by consent, but it is the recognized rule of this Court that jurisdiction of the person may be waived. Therefore, the question involved in the case at

bar being jurisdiction of the person, it is clear that the defendant had the right to waive such question, and under the facts of this case we must hold that the defendant did waive the same by his failure to file any paper in the cause or take any steps until after the time for doing so prescribed under the Code had passed."

In support of our contention that it is the logic of the provision of the Code that the motion for the transfer of the case to the county of the defendant's residence should be made at the time of the commencement of the action, we offer the strong opinion, for this Court, of Mr. Acting Associate Justice W. C. Cothran in the case of *Halsey v. Minn.-S. C. Land & Timber Co.,* 168 S. C., 18, 25, 166 S. E., 626, 629.

That was an action brought in Charleston County against a nonresident corporation and an individual defendant resident in Charleston County. Pending the trial of the case the personal defendant died. A motion was made to transfer the case to the county where the corporation had its place of business. The motion was denied and appeal followed. This Court said:

"In 7 R. C. L., page 1045, it is said: 'After a Court once acquires jurisdiction of the person and subject-matter, the death, removal from the county, or resignation from office of one of the defendants will not abate the suit, and the Court will have power and authority to proceed to final judgment or decree.'

"If the jurisdiction of the Court be not fixed as of the commencement of the action, a suit fraught with great confusion can well be imagined. Let us suppose an action for a joint tort be commenced in Charleston County against a resident of that county and residents of several neighboring counties. Before trial the Charleston resident dies, and the action did not survive. Each of the nonresidents would make application to the Court for a transfer of the cause to his county; these applications being made without priority as

to time. The provision of the Code, before set out, would no doubt prevent a most difficult question arising for decision by the Circuit Court.

"Again we may well suppose a suit for a joint tort against a foreign corporation, which had no officer, agent, or business in this State, and against a resident defendant. The resident defendant dies. If the place of trial is to be determined by the residence of the sole defendant at the time of trial, * * * we fear the case would never be tried."

There is further authority to sustain our contention in the case of *Hodge v. Woodmen of the World,* 134 S. C., 343, 132 S. E., 822.

Lucius Hodge brought suit on a policy of insurance against the Woodmen in Darlington County; Everett Hodge brought suit on the same policy in Sumter County and joined Lucius Hodge as defendant. Lucius Hodge procured an order that the case in Darlington County be discontinued; that the case in Sumter County continue and the issues determined there. Subsequently the Woodmen was released from the case. Lucius Hodge then moved the Court to transfer the case to Darlington, the place of his residence. The Circuit Court granted his motion, but on appeal this Court reversed the order of transfer on the ground that Lucius by his conduct in having the Darlington suit dismissed and consenting to the continuation of the Sumter suit had waived the right to have the case transferred.

In the present case, the defendants Ralph Hayes and Lucas-Kidd Motor Company answered the complaint on its merits and made no issue of the Court in Greenville County having no jurisdiction of them because their place of residence was Anderson County. In addition to this, Hayes filed a counterclaim against the plaintiff to recover in the same action for damages he alleged he suffered in the same collision. When their codefendant Dorothy Farrow counterclaimed and cross-complained against them, again they pleaded in reply and still did not raise the

question of jurisdiction because of their nonresidence in Greenville County. They say now that they never knew until they heard the testimony of plaintiff's witnesses and of Dorothy Farrow that she was a dummy defendant—not a necessary nor proper party defendant. This seems hardly an adequate excuse. The summons and complaint informed them that they were sued in Greenville County, and that Dorothy Farrow was joined with them as a defendant, and the allegations of the complaint made known to them why the plaintiff deemed it proper to make her a party defendant. Her answer to the complaint and her counterclaim and cross-complaint informed them of her position in the case. They did not demur, nor by reply nor by motion to transfer the case to Anderson County raise the question of jurisdiction; nor the question of her bona fides as a defendant, and a cross-complainant. It would seem that they had every facility for satisfying themselves on this subject. The defendant Hayes and defendant's witness Wright were as fully informed as was Dorothy Farrow.

The fact that the presiding Judge said incidentally that Dorothy Farrow had no cause of action against the plaintiff did not decide the question; there was the testimony of Dorothy Farrow which left it a question for the jury.

We think there was no error in refusing the motion to transfer the case.

The issues made by the second, third, and fourth questions may be considered together. The second and third questions raise the issue whether Ralph Hayes was the agent of Lucas-Kidd Motor Company, and whether at the time of the collision he was engaged in the actual scope of his employment. The issue made by the fourth question is: Was Ralph Hayes an independent contractor?

If it be determined that Hayes was the agent of Lucas-Kidd Motor Company, and, at the time of the collision, was engaged in the business of his em-

ployer within the scope of his employment, the conclusion is inevitable that he was not an independent contractor.

These questions might be answered simply by saying that there was sufficient pertinent testimony to send each such issue to the jury, and the jury having decided such issues of fact, this Court cannot interfere with their verdict.

Appellant's argument turns upon the theory that as Hayes worked for Lucas-Kidd on the basis of payment by commissions on the cars sold, and not on a salary, he was not the agent of Lucas-Kidd Motor Company. That at the time of the accident he was not engaged in the business of his employer; and if he was endeavoring to negotiate the sale of an automobile to Thompson, it was on a Sunday; was therefore an unlawful thing and the employer was not bound thereby; that Hayes owned the car in which he conducted the business for the motor company, and was driving his own car when the collision occurred with plaintiff's car.

The plaintiff contested all of these contentions except that the collision was on a Sunday.

Was there testimony on each of these issues, pertinent thereto, which made it the duty of the Court to send the case to the jury?

Let us review the testimony.

Hayes was engaged by the Lucas-Kidd Company to sell its cars on the basis of commissions on the prices of cars sold; the Ford Tudor car No. 1519923, which Hayes was driving when it collided with plaintiff's car, bore the license plate of Lucas-Kidd Motor Company. There was testimony, oral and documentary, that Lucas-Kidd Motor Company had sold the car to Ralph Hayes on April 10. (The collision occurred April 22.) The conditional sale contract was sold by Lucas-Kidd Motor Company to Universal Credit Company, who paid Lucas-Kidd for it on behalf of Hayes. The sale was said to have been made April 10, 1934. When the case was tried in August, 1935, Hayes had made only the initial payment on it; he had not applied to the highway depart-

ment for a license in his name. B. R. Kidd, the manager of Lucas-Kidd Motor Company, testified that they had no control over the car after that sale. A witness for plaintiff, Marie Boroughs, testified: "Mr. Hayes cut the switch off and jerked the key out. He said he was going to drive the car; that he had promised Mr. Kidd that he would not let anybody else drive it."

Mr. Kidd, the manager of the Lucas-Kidd Motor Company, went to Greenville the night of the accident. There is testimony that he said to Mr. Rosamond, father of the plaintiff, whom he met at the sheriff's office that night, that "Mr. Hayes was his representative as a salesman·and demonstrator; one of his demonstrators." There is testimony that Mr. Kidd phoned the Stamey Garage, where the Hayes car had been placed, that he had made arrangements to get the car and wanted to know if he could have it. There is testimony that Mr. Kidd, previous to phoning the Stamey Garage, had phoned Greenville Auto-Sales Company, their representatives in Greenville, to send and get the car. There is testimony that Mr. Kidd requested Mr. J. P. Rosamond to leave the cars alone that night saying that in the morning "we could probably get together on it." Mr. Kidd testified: "I asked if I might move the car to save the storage on it."

Before the date of this collision, Hayes had made a trade of cars with the witness C. R. Thompson which was turned down by Lucas-Kidd Motor Company. On cross-examination Mr. Kidd was asked: "Mr. Hayes was working for you, and made the trade and came back and submitted it to you?" He answered: "Yes, sir."

This first trade was made on a Sunday, but was not turned down on that score. There is testimony that Lucas-Kidd Motor Company had a weekly salesmen's conference, which was attended by Hayes, at which Mr. Kidd, as manager, gave the salesmen instructions. There is testimony that when Hayes turned the car around and started back up the road, the witnesses, Wright and Dorothy Farrow, tried to dis-

suade him from his purpose. He said: "No, hell, you deedn't be talking to me; I promised to see Charlie Thompson, and I am going to see him." There is testimony that Hayes approached Thompson on the subject of selling him a car, and that he promised to see him that evening or the next week.

The Constitution has made the jurors the sole judges of the facts as testified in a case. The Judge is forbidden to even intimate the opinion he may have of the truth or falsity of the testimony. This Court has declared that if there is a particle of competent and relevant evidence, the case must go to the jury on those issues to which it is applicable.

In the light of these established rules, we think there is testimony which made it the duty of the presiding Judge to send the case to the jury on the issues: Was Hayes the agent of Lucas-Kidd Motor Company? Was Hayes at the time of the collision acting within the scope and course of his employment, and was Hayes at the time an independent contractor for whose acts Lucas-Kidd Motor Company was not responsible?

We think there is nothing in the contention that Lucas-Kidd Motor Company could not be held responsible for Hayes' acts (even if he was their agent) done on Sunday, because the statute of the State makes it unlawful to transact secular business on Sunday (Code 1932, § 1732). It seems to us that it would be dangerous to pronounce a doctrine that if an agent or servant, doing an act on Sunday which is within the scope of his employment, injures another in his person or property, the master is not liable to the injured one.

All exceptions are overruled and the judgment of the lower Court is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Carter and Fishburne concur.

Mr. Justice Baker concurs in result.

MR. JUSTICE BAKER (concurring) : I concur in the result of the opinion of MR. JUSTICE BONHAM, but prefer basing waiver of the lack of jurisdiction of the Court of Common Pleas for Greenville County upon the following facts and occurrence:

The defendant-appellant Hayes waived lack of jurisdiction by counterclaiming against the plaintiff-respondent, Rosamond.

Both appellants waived lack of jurisdiction insofar as the cross-complaint of Dorothy Farrow, respondent, is concerned, by filing answers thereto, without raising the question of jurisdiction.

The appellant Lucas-Kidd Motor Company waived lack of jurisdiction by making a motion in the Court of Common Pleas for Greenville County for a nonsuit prior to making a motion to transfer the case to Anderson County.

Circumstances necessarily control the question if a motion has been timely made.

## ORDER ON PETITION FOR REHEARING

The appeal in this case was given especial consideration by every member of the Court because of the importance of the issue of place of trial therein made. The Court appreciates the value of the right given to a litigant by the statute to have his case tried in the county of his residence. In construing the statute in this appeal to mean that it was the intention of the legislation that the question of place of trial be determined when the pleadings are served, it did not say, nor does it intend to hold, that there may not be cases and conditions where the fact of diverse places of residence is not disclosed until after the issues are joined by the pleadings, and if the litigant has not been negligent and has not waived his right, he may move to change the place of trial.

In the present case, it would seem that the defendants were negligent. When the summons and complaint were served on defendants, and they saw that Dorothy Farrow

was made a party defendant, they must have suspected that she was a dummy defendant; a little investigation must have disclosed that the plaintiff cared nothing for a judgment against her, which would be worthless. Hayes knew the facts concerning the collision. Instead of making such investigation and by demurrer or answer raising the question of residence in Anderson County, the defendant Hayes answered the complaint and entered a counterclaim against the plaintiff for damages growing out of the collision, which occurred in Greenville County.

Lucas-Kidd Motor Company and Hayes answered the counterclaim of Dorothy Farrow.

Lucas-Kidd Motor Company moved for nonsuit prior to making the motion to change the place of trial to Anderson County.

The decisions of this Court in cases cited in the opinion, and others which might have been cited, show that defendants must be held to have waived their right to have the case transferred.

The petition for rehearing is denied.

<div style="text-align:right">

JOHN G. STABLER,
*Chief Justice.*

JESSE F. CARTER,
M. L. BONHAM,
D. GORDON BAKER,
E. L. FISHBURNE,
*Associate Justices.*