## 16432

**THOMAS v. THOMAS**

(62 S. E. (2d) 307)

*Messrs. Leppard & Leppard,* of Chesterfield, and *I. A. Smoak, Jr.,* of Walterboro, *for Appellant,*

*Mr. Sidney D. Duncan,* of Columbia, *for Respondent.*

November 17, 1950.

BAKER, Chief Justice.

This is an action brought by the respondent to procure an absolute divorce from the appellant which was commenced in the Court of Common Pleas for Richland County, on or about September 26, 1949. We learn from the order of Judge Greneker that the appellant served his answer to the complaint on October 17, 1949, apparently without reservation; and subsequent thereto, on or about November 25, 1949, interposed his motion for a change of venue to the County of his residence at the time of the commencement of the action and when the motion was heard, the same being Chesterfield County. So far as we are informed, the appellant's place of residence continues in Chesterfield County.

The "Agreed Statement of Facts" in the record reads: "Plaintiff (respondent) and defendant (appellant) last resided together as man and wife in Richland County. Prior to the commencement of this action plaintiff (respondent) and defendant (appellant) separated and defendant (appellant) removed his residence to Chesterfield County and resided therein at the time of the commencement of this action."

The learned Circuit Judge refused the motion for a change of venue based upon his construction of Section 4 of the Divorce Statute (No. 137, Acts of 1949, page 216), and this appeal followed.

The only issue before the Court is: Did the trial Judge err in refusing the motion of appellant for a change of venue from Richland County to Chesterfield County?

We affirm the order appealed from, but not for the reason therein stated, with which, at least, the writer hereof does not agree. When the appellant answered the complaint he did so without reserving the right to move for a change of venue, and thereby waived jurisdiction; and the Court of Common Pleas for Richland County thus acquired the right to adjudicate the issue between the parties. *Rosamond v. Lucas-Kidd Motor Co., Inc., et al.*, 182 S. C. 331, 189 S. E. 641; *American Agricultural Chem. Co. v. Thomas,*

206 S. C. 355, 368; 34 S. E. (2d) 592, 160 A. L. R. 594.
See also *Lillard v. Searson,* 170 S. C. 304, 170 S. E. 449.

Affirmed.

STUKES, TAYLOR, and OXNER, JJ., and L. D. LIDE, A. A. J., concur in results.

OXNER, Justice (concurring).

I concur in the result of the opinion of the Chief Justice. It is my view that the case should be affirmed upon the ground and for the reasons stated in the order of Judge Greneker. Let this order be reported. I desire to briefly add the following observation:

. Under the general venue statute, Section 422 of the 1942 Code, any action other than those specified in the preceding sections must be tried in the county in which the defendant resides at the time of the commencement of the action or if the defendant is a non-resident, the action may be tried in any county which the plaintiff shall designate in his complaint. There would have been no purpose in the insertion of Section 4 of the divorce statute, 46 St. at L., 216, unless the Legislature intended to make special provisions in actions for divorce. The statutes of a number of states allow such an action to be brought in the county in which the parties last resided together as husband and wife. This is a reasonable provision. The witnesses to any divorce controversy would ordinarily reside where the parties last lived together. Where one spouse deserts the other or does some other act warranting a divorce and leaves the county of the marriage domicile, it might be essentially unfair to force the innocent party to sue for divorce in the county where the guilty party had recently acquired a residence.

STUKES and TAYLOR, JJ., and L. D. LIDE, A. A. J., concur.