218 S.C. 235 (1950)
62 S.E.2d 307
THOMAS
v.
THOMAS.
16432
Supreme Court of South Carolina.
November 17, 1950.
Messrs. Leppard & Leppard, of Chesterfield, and I.A. Smoak, Jr., of Walterboro, for Appellant.
Mr. Sidney D. Duncan, of Columbia, for Respondent.
The following is the order of Judge Greneker:
This matter comes before me on a motion by the defendant herein that this Court do issue its Order to remove the above-entitled cause from the Court of Common Pleas of Richland County to the Court of Common Pleas of Chesterfield County for the trial of the issues thereof. "Said motion based upon the pleadings heretofore filed in the above-entitled case and the affidavit of the defendant verified the 25th day of November, 1949." The affidavit of the defendant, *236 Charlton L. Thomas, reads as follows: "Charlton L. Thomas, being first duly sworn, says that he is the defendant in the above-entitled action; that when said action was commenced, deponent was a resident of Chesterfield County, South Carolina, and that he has ever since been a resident of Chesterfield County, and now resides therein." The said Charlton L. Thomas signed the above-quoted affidavit before a Notary Public on the 25th day of November, 1949.
The action giving rise to the motion hereinabove referred to is one for divorce brought by the Plaintiff, Ada B. Thomas, against Charlton L. Thomas, Defendant, in the Court of Common Pleas for Richland County, on or about the 26th day of September, 1949. The Defendant, Charlton L. Thomas, answered said Complaint on or about the 17th day of October, 1949, and subsequent thereto, on or about the 25th day of November, 1949, did interpose his motion for a change of venue hereinabove referred to, and substantiated by the affidavit hereinabove quoted.
The defendant's argument can be substantially summarized as follows: That since the defendant is a resident of Chesterfield County and has been a resident of Chesterfield County since the separation of the plaintiff and the defendant in this action, then, under the Divorce Statutes of this State, Acts 1949, Page 216, the proper venue of this action is in Chesterfield County and that said action cannot be maintained in Richland County.
The plaintiff contends that the wording of the Divorce Statute passed pursuant to the amendment to Article XVII, Section 3, of the Constitution of 1895, Act March 20, 1947, 45 St. at Large, p. 725, grants to the plaintiff herein the express right to bring this action in the County in which the parties last resided together as husband and wife.
To borrow the words of the Honorable Associate Justice Fishburne, used in the case of Brown v. Brown, 215 S.C. 502, 56 S.E. (2d) 330, 332: "In view of the fact that this case brings to the forefront a cause of action not cognizable *237 by the courts of this State for the past seventy years or more" it will not be inappropriate to examine the exact wording of the Statute establishing venue in such matters in attempting to arrive at and to clarify if possible the Legislative intent motivating the wording of the Statute. Section 4 of An Act to Provide for and Regulate the Granting of Divorce from the Bonds of Matrimony in This State provides as follows: "Actions for divorce from the bonds of matrimony shall be tried in the county in which the defendant resides at the time of the commencement of the action, or in the county where the plaintiff resides if the defendant is a non-resident or after due diligence cannot be found, or in the county in which the parties last resided together as husband and wife."
From a study of acts passed by other State governing and regulating the granting of divorce, it appears that where no specific provisions are contained therein providing for methods of process in divorce actions, normal methods of process are used which, in this State, would mean that divorce actions must be begun by the service of a Summons and Complaint upon a resident defendant in the county in which the defendant resides. However, our Legislature has seen fit to modify the normal methods of process where divorce actions are concerned to the extent that they have provided three methods of process which may be used in this State in cases involving divorce. They are as follows: (1) In cases where the defendant is a resident of South Carolina the plaintiff may bring his or her action; (a) In the county in which the defendant resides at the time of the commencement of the action; or, (b) In the county in which the parties last resided together as husband and wife; (2) In the case of a non-resident defendant, or where the defendant cannot be found after due diligence, the action may be brought in the county where the plaintiff resides.
Had the Legislature intended that the usual method of process be followed in divorce matters, it would either have remained silent on this question or have done as the Georgia *238 Legislature did in Section 2-4301, Georgia Code 1933, Const. 1877, art. 6, § 16, par. 1, which reads: "Divorce cases shall be brought in the county where the defendant resides, if a resident of this State; if the defendant be not a resident of this State, then in the county in which the plaintiff resides." However, our Legislature did not see fit to follow either one of these two courses. Neither did it go as far as the North Carolina Legislature which established its method of process along a broader base, in Section 50-3, General Statutes of North Carolina 1943: "In all proceedings for divorce, the summons shall be returnable to the court of the county in which either the plaintiff or defendant resides." It would appear that our legislature followed somewhat the Legislature of the State of Tennessee, whose methods of process are set forth in Section 8429, Michie's Tennessee Code of 1938, "The bill or petition may be filed in the proper name of the complainant, in the chancery or circuit court of the county where the parties resided at the time of their separation, or in which the defendant resides, or is found, if a resident; but, if a nonresident or convict, then in the county where the applicant resides." The case of Walton v. Walton, 96 Tenn. 25, 33 S.W. 561, by dicta, clearly establishes the propriety of instituting suit for divorce in the county where the parties resided at the time of their separation. The North Carolina Supreme Court in the case of Wood v. Wood, 181 N.C. 227, 106 S.E. 753, acknowledged that the common-law rule which was that the wife should bring her action in the domicile of the husband has been changed by various Legislative Acts and that such a change was brought about by the Legislature in establishing the Divorce Statute of the State of North Carolina.
It appears from a study of Section 4 of the Divorce Statute of the State of South Carolina approved April 15, 1949, that it was the clear intent of the Legislature to provide for the bringing of a divorce action in the County in which the parties last resided together as husband and wife. Even without the placing of the commas in the Act as they are so *239 placed, Section 4 of our Divorce Act could not be intelligently interpreted any other than that divorce actions may be brought in the county in which the parties last resided as husband and wife. It might be contended, if the commas were not so placed, that this provision applies only where the defendant is a non-resident or cannot be found, however, the placing of the comma after the word "found" and before the word "or" seems to indicate that it is the clear intention of the Legislature that an alternative venue shall be given in a suit for divorce against a resident of this State. Webster has said that a comma is "a character or point marking the smallest division of a sentence written or printed." In the case of Holmes v. Phenix Insurance Company, 8 Cir., 98 F. 240, 242, 47 L.R.A. 308, the Court said "the comma and semicolon are both used for the same purpose [in punctuation], namely, to divide sentences and parts of sentences, the only difference being that the semicolon makes the division a little more pronounced than the comma". This being the case, then, it appears that the last provision or clause of Section 4 of the Act hereinabove referred to is a separate and distinct thought and provides, as has been said above, an alternative venue in divorce cases allowing divorce actions to be instituted in the county in which the parties last resided together as husband and wife.
In view of the foregoing, the only possible conclusion that I can reach is that the plaintiff was correct in bringing her action in Richland County and I, therefore, hold and conclude that such action, having been instituted in Richland County in accordance with the terms of the statute in such cases made and provided, is a proper one, and that said action can be maintained in Richland County as originally brought.
It is, therefore, ordered that the motion for a change of venue be denied, and it is so ordered.
November 17, 1950.
BAKER, Chief Justice.
*240 This is an action brought by the respondent to procure an absolute divorce from the appellant which was commenced in the Court of Common Pleas for Richland County, on or about September 26, 1949. We learn from the order of Judge Greneker that the appellant served his answer to the complaint on October 17, 1949, apparently without reservation; and subsequent thereto, on or about November 25, 1949, interposed his motion for a change of venue to the County of his residence at the time of the commencement of the action and when the motion was heard, the same being Chesterfield County. So far as we are informed, the appellant's place of residence continues in Chesterfield County.
The "Agreed Statement of Facts" in the record reads: "Plaintiff (respondent) and defendant (appellant) last resided together as man and wife in Richland County. Prior to the commencement of this action plaintiff (respondent) and defendant (appellant) separated and defendant (appellant) removed his residence to Chesterfield County and resided therein at the time of the commencement of this action."
The learned Circuit Judge refused the motion for a change of venue based upon his construction of Section 4 of the Divorce Statute (No. 137, Acts of 1949, page 216), and this appeal followed.
The only issue before the Court is: Did the trial Judge err in refusing the motion of appellant for a change of venue from Richland County to Chesterfield County?
We affirm the order appealed from, but not for the reason therein stated, with which, at least, the writer hereof does not agree. When the appellant answered the complaint he did so without reserving the right to move for a change of venue, and thereby waived jurisdiction; and the Court of Common Pleas for Richland County thus acquired the right to adjudicate the issue between the parties. Rosamond v. Lucas-Kidd Motor Co., Inc., et al., 182 S.C. 331, 189 S.E. 641; American Agricultural Chem. Co. v. Thomas, *241 206 S.C. 355, 368; 34 S.E. (2d) 592, 160 A.L.R. 594. See also Lillard v. Searson, 170 S.C. 304, 170 S.E. 449.
Affirmed.
STUKES, TAYLOR, and OXNER, JJ., and L.D. LIDE, A.A.J. concur in results.
OXNER, Justice (concurring).
I concur in the result of the opinion of the Chief Justice. It is my view that the case should be affirmed upon the ground and for the reasons stated in the order of Judge Greneker. Let this order be reported. I desire to briefly add the following observation:
Under the general venue statute, Section 422 of the 1942 Code, any action other than those specified in the preceding sections must be tried in the county in which the defendant resides at the time of the commencement of the action or if the defendant is a non-resident, the action may be tried in any county which the plaintiff shall designate in his complaint. There would have been no purpose in the insertion of Section 4 of the divorce statute, 46 St. at L., 216, unless the Legislature intended to make special provisions in actions for divorce. The statutes of a number of states allow such an action to be brought in the county in which the parties last resided together as husband and wife. This is a reasonable provision. The witnesses to any divorce controversy would ordinarily reside where the parties last lived together. Where one spouse deserts the other or does some other act warranting a divorce and leaves the county of the marriage domicile, it might be essentially unfair to force the innocent party to sue for divorce in the county where the guilty party had recently acquired a residence.
STUKES and TAYLOR, JJ., and L.D. LIDE, A.A.J., concur.