16529

BROWN v. PALMETTO BAKING CO.

(66 S. E. (2d) 417)

*Messrs. Connor & Connor* of Kingstree, *for Appellants,*

*Mr. T. B. Bryant, Jr.,* of Orangeburg, *for Respondent,*

August 7, 1951.

STUKES, Justice.

This is an action for damages upon several counts for alleged slander. Plaintiff was formerly employed by defendant as a salesman of its bakery products in Williamsburg County, which it manufactures at its plant in Orangeburg County. It is a South Carolina corporation. Defendant required plaintiff to live at Lake City, in Florence County,

while he was in its employ and his successor lives there, so defendant has no agent who resides in Williamsburg County. The record shows its method of doing its Williamsburg business is to deliver its bread and other products to retailers by means of a truck operated by its employee or agent, who makes the deliveries to the merchant-customers and collects for the sales.

Summons and complaint in the action were served in May, 1950, and defendant's attorney wrote from Orangeburg to plaintiff's attorneys in Kingstree requesting an extension of time for answering, which request was granted. In November, 1950, plaintiff's attorneys wrote the attorney for defendant that a term of court was about to convene and requested answer in the action. Such was promptly mailed with reservation of motion to change the place of trial which plaintiff's attorneys declined to accept but offered to admit service as in due time of an unrestricted answer. Thereupon defendant's attorney again mailed copies of the answer and motion to plaintiff's attorneys and filed the originals in the office of the Clerk of Court.

The answer opens as follows: "The defendant above named, reserving its rights under its motion for a change of venue herein, answering the complaint," etc. The motion was returnable on Nov. 20, the first day of the term and was for, quoting, "an order transferring the above entitled cause to the Court of Common Pleas for Orangeburg County upon the record and the affidavits attached." The affidavits were by the President and General Manager of defendant, respectively, and were to the effect that it does not have, nor did it have at any time pertinent to the action, a place of business or offices or agents in Williamsburg County, has no property and transacts no business there; its products are distributed in Williamsburg at wholesale by salesmen and truck drivers, now quoting, "who make all of their reports to and transact all of their business with Palmetto Baking Company at its plants and warehouses without the said County."

Counter-affidavit was offered by plaintiff to the effect that he began work in November, 1949, as an agent on salary and commission to sell and deliver to customers in territory only in Williamsburg County, and shortly after commencing the employment he was requested to move to Lake City where the defendant has a district office, which is in Florence County. Plaintiff also submitted the affidavit of a Williamsburg County customer, who is a Kingstree merchant, that he buys defendant's bread from plaintiff's successor in employment, the selling agent bills him for the bread when delivered and he generally gives the agent a check once a week payable to the defendant.

The motion for change of venue was opposed on two grounds, first that it came too late, and, second, that the venue was properly laid in Williamsburg County. The motion was heard on the first day of the term and the court agreed to dispose of it in time for trial at that term, if it were concluded that the case should be tried in Williamsburg County and if it could be reached then. It developed that the case could not be reached at that term, if triable there, so the judge took the motion under advisement and rendered his order on February 10, 1951. It was concluded that the motion was timely made and that the Williamsburg Court was without jurisdiction to try the action, wherefore it was transferred to the Court of Common Pleas for Orangeburg County. This appeal followed.

The court made relevant factual findings which are practically undisputed on appeal, and, supported by the evidence, they are binding anyway. *Morris v. Peoples Baking Co.*, 191 S. C. 501, 5 S. E. (2d) 286. The findings referred to are here quoted from the record:

"From the showing made, I conclude and find that the plaintiff was originally a resident of Williamsburg County; at the time of the alleged slander he was a resident of Florence County; at the time of the commencement of this action in May, 1950, he was a resident of Williamsburg

County. The plaintiff began working for the defendant as an agent in November, 1949, and continued in such capacity until April 8, 1950. It was the job of the plaintiff to sell, deliver, and collect for bakery products in Williamsburg County from a truck owned by the defendant, and such operations were from a district office of the defendant located in Florence County. The sales were made by the plaintiff as agent of the defendant to retail stores. After discontinuance of the employment relation the defendant continued its same operation with a similar set-up and with a different agent. The defendant is a domestic corporation with its home office in Orangeburg County. It operates a district office in Florence County, and from this district office serves at least a portion of Williamsburg County in the manner indicated above. There is no evidence before me to indicate that an office, warehouse, or other fixed place of business is maintained or operated in Williamsburg County by the defendant. Nor is there evidence to show any ownership of property by the defendant in Williamsburg County other than the truck and contents while en route making sales and deliveries from store to store. The defendant did not at the time of the alleged slanderous statements or at the time of the commencement of this action, maintain an agent or own property within Williamsburg County, but during both of such times, was transacting business there as set out above." The appeal first questions the timeliness of the motion.

The answer to the question was doubtful under our older decisions, see *Ex Parte Townes,* 97 S. C. 56, 81 S. E. 278, and clarification was undertaken in *Nixon & Danforth v. Piedmont Mutual Ins. Co.,* 74 S. C. 438, 54 S. E. 657, 658, opinion by Mr. Justice Jones. It was pointed out that the code originally contained a provision in then sec. 149 to the effect that if venue be laid in a wrong county the action might nevertheless be tried there unless the defendant, quoting, "before the time for answering expire, demand in writing that the trial be had in the proper county, and the place of trial be, therefore, changed", etc. This was eliminated by the

Act of 1879, whereby it was held that answer to the merits was no longer a waiver of objection to jurisdiction. In that case the defendant, which was a domestic corporation, answered and afterward moved to transfer the case for trial to Spartanburg County where it "resided." The motion was granted, over the objection of contended waiver, upon the ground that the defendant had no agent in Colleton County where the suit was brought. The law, now changed (as will be shown hereinafter), then provided that a domestic corporation "resides", and was subject to suit, in any county where it maintains an agent and transacts its corporate business.

The Nixon & Danforth decision is very clearly authoritative of the rule that answer in an action does not constitute waiver of the right to move to transfer the case to the proper county for trial. The subsequent cases in point that have been cited in the argument of this appeal are not in conflict with that rule, which will be demonstrated by brief review of them. Before that, it may be said that issues are not joined, necessitating trial, until answer or demurrer, so motion to change the place of trial cannot logically be required in advance of answer or demurrer.

In *Hunter v. D. W. Alderman & Sons Co.,* 79 S. C. 555, 61 S. E. 202, motion to change the county of trial was made and granted after mistrial in the wrong county, amendment of the complaint but before answer to the amended complaint. *Lillard v. Searson,* 170 S. C. 304, 170 S. E. 449, held that default constituted waiver. In *Rosamond v. Lucas-Kidd Motor Co., Inc.,* 182 S. C. 331, 189 S. E. 641, it was held that motion made at the close of plaintiff's evidence in the trial of the case in the "wrong county" came too late. *Thomas v. Thomas,* 218 S. C. 235, 62 S. E. (2d) 307, was evidently cited by appellant here under misapprehension of the holding of the majority of the court. Change of the place of trial to defendant's county of residence was refused per-force the special venue provisions of the divorce law, which

governed. The motion therefor was made after answer, was considered by the court, and refused on the merits, as said.

There is no fixed rule in other jurisdictions with respect to the question under consideration. Apparently in most of the states it is governed by variant statutes, just as here there was a relevant code provision prior to 1879. The following is quoted from sec. 62, Venue, 56 Am. Jur. 64, 65: "When the application to have the place of trial changed is upon the ground that the action is brought in the wrong county, the statutes variously require that it be made before demurrer or answer to the merits, at the time the defendant demurs or answers, or before time for answering expires, and a defendant is held to have waived his right to a change of the place of trial on this ground when he fails to make such timely demand for change. But it has been held that waiver of the right to change of venue in a civil action to the county of the defendant's residence does not follow as a matter of law from the defendant's failure to move therefor at the time he demurred, where there is a sufficient showing that there was no intent to waive the right and the defendant has acted in good faith and with diligence."

The annotator of our Code of 1942 makes this interesting comment in the footnote to Sec. 35, Vol. 1, p. 27, referring to New York doubtless because it was that code state which our early decisions under the code closely followed: "In regard to a motion for a change of the venue in a civil case, because it was not laid in the proper county, a difference of practice has obtained between the courts of New York and those of England. In the latter it must be made before plea filed.—10 Bac., Title Venue, E., 371. But in the former it will be entertained even after issue joined, where no delay or loss of trial will be the consequence. *Delavan v. Baldwin,* 3 Caines, [N. Y.] 104; *Kent v. Dodge, 3* Johns. [N. Y.], 447; *State v. Addison,* 2 S. C. 356, 361, 363."

It was not error to entertain the motion in this case, which was made concurrently with the service of answer. The appeal makes the further question, Was it error to grant it? Negative answer is required by the governing code provisions.

The case in hand is of those referred to in the following excerpt from sec. 422: "In all other cases the action shall be tried in the county in which the defendant resides at the time of the commencement of the action * * *." Sec. 426 provides: "The court may change the place of trial in the following cases: (1) When the county designated for that purpose in the complaint is not the proper county." Proviso to subsection (1) of sec. 434 is as follows: "Provided, further, that, in the case of domestic corporations, service as effected under the terms of this section shall be effective and confer jurisdiction over any domestic corporation in any county where such domestic corporation shall own property and transact business, regardless of whether or not such domestic corporation maintains an office or has agents in that county." This proviso was enacted by way of amendment to the section (then 390) by Act No. 182 of the General Assembly of 1927. 35 Stat. 292. *Miller v. Boyle Const. Co.,* 198 S. C. 166, 17 S. E. (2d) 312. *Atkinson v. Korn Industries*, S. C., 1951, 65 S. E. (2d) 465. This is the change in the applicable law to which reference is made above. In the very recent decision last cited jurisdiction to try the case in the county in which it was brought was upheld because the defendant corporation, of another county, owned property and transacted business in the county of suit. The distinction between that case and this is patent under the facts before us. The defendant here transacted business in Williamsburg County but it owned no property and had no agent there. It therefore properly had resort to the provision of sec. 422 hereinabove quoted to the effect that the action is triable in Orangeburg County where respondent resides, and properly sought remedy under sec. 426.

The residence of the agent in the forum county is of the essence, if that feature is depended upon. *McGrath v. Piedmont Mut. Ins. Co.*, 74 S. C. 69, 54 S. E. 218. The alternative of the 1927 statutory amendment, *supra, viz.* the ownership of property in the county, is not met by ownership of the truck by which respondent's wares were peddled or delivered from another county. If the contrary were held, ownership of a single vehicle might furnish venue in a number, or all, of the counties at once, which shows the unsoundness of the appellant's position thereabout. Further legislative amendment of the law is required to render a domestic corporation suable in the local courts under the facts presented in this case. Interesting contrast is found in *Morris v. Peoples Baking Co., supra,* 191 S. C. 501, 5 S. E. (2d) 286. The defendant in that case served its Williamsburg customers from Kingstree, as the instant defendant does from Lake City (in Florence County), and was not entitled to transfer suit against it to Orangeburg, its "residence", as the present defendant is.

*Hancock v. Southern Cotton Oil Co.*, 211 S. C. 432, 45 S. E. (2d) 850, cited by appellant, is of no possible aid to him. It was concerned with a foreign, not a domestic corporation, and resulted contrary to appellant's contention with respect to his case at bar. The facts and law of it are irrelevant here.

It has been unnecessary in this case to say whether the question decided relates to jurisdiction of the subject matter or jurisdiction of the person, or whether jurisdiction or venue. The suggested distinctions are immaterial for the purpose of this decision and have not been examined or decided. *South Carolina State Highway Dept. v. Isthmian S. S. Co.*, 210 S. C. 508, 43 S. E. (2d) 132, is of interest in this connection. However, there at stake was more than mere place of trial as will be seen by reference to it.

The exceptions are overruled and the order affirmed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.