### WILLOUGHBY v. THE NORTHEASTERN RAILROAD CO.

1. VENUE—REV. STAT., 2246—CODE, 147.—A motion to change the place of trial, because a fair and impartial trial cannot be had in the county in which the action is pending, cannot be heard on Circuit on less than twenty days notice—construing Rev. Stat., 2246, Code, 147, sub. 2.
2. VENUE—MOTION—CODE, 147—CASE FOLLOWED.—A motion to change the place of trial "when the convenience of witnesses and the ends of justice will be promoted by the change," may be heard on four days notice. Code, 147, subs. 1 and 3, construed. *Utsey* v. *R. R.*, 38 S. C., 399, followed.
3. VENUE—MOTION for change of venue may be made at any time while case is pending.
4. MOTION—CIRCUIT JUDGE exercised a legal discretion in granting the motion in this case.
5. MR. CHIEF JUSTICE McIVER, *dissenting*.

Before TOWNSEND, J., Williamsburg, October 27, 1894. Affirmed.

Motion for change of venue in case of Ella F. and P. C. Willoughby against the Northeastern Railroad Company. Motion granted.    Defendant appeals.

*Messrs. Thos. M. Gilland* and *Theodore G. Barker*, for appellant.

*Messrs. R. Dozier* and *Ira B. Jones*, contra.

March 23, 1896.  The opinion of the court was delivered by

MR. JUSTICE POPE. This action was commenced in the Court of Common Pleas for Williamsburg County, in this State, on the 23d day of July, 1889, by the service of the summons and complaint on the defendant, whose answer was served on plaintiffs on the 8th day of August, 1889. The case was docketed for trial on the 13th August, 1889. It came on for trial at the February term of the court in

the year 1892, and resulted in a mistrial, the jury having failed to agree. It next came on for trial on November the 4th, 1893, when a mistrial was ordered, the jury a second time having failed to agree on a verdict. On the 20th day of October, 1894, the following notice was served by plaintiffs on defendant:

"Notice of motion to change venue.—To Thomas M. Gilland and Theo. G. Barker, attorneys for defendant: You will please take · notice that the plaintiffs will move the honorable D. A. Townsend, presiding judge, at Kingstree, in the county aforesaid, on Wednesday, the 24th day of October inst., at 10 o'clock A. M., or as soon thereafter as counsel can be heard, for an order to change the place of trial of the above stated case from the Court of Common Pleas for the county of Williamsburg to the Court of Common Pleas for the county of Florence, or to such other county as his honor may, in his discretion, designate. Said motion will be made upon the pleadings and record in this case, and upon affidavits, of which copies are herewith served upon you, and upon such other affidavits of the like tenure as may hereafter be served upon you. This motion is made pursuant to section 147 of the Code of Procedure, and upon the following grounds: 1. Because there is reason to believe that an impartial trial cannot be had in this case in the county of Williamsburg. 2. Because the convenience of witnesses and the ends of justice would be promoted by the change. R. Dozier, Ira B. Jones, plaintiffs' attorneys."

On the 26th day of October, Judge Townsend, as presiding judge, while holding the term of the Court of Common Pleas for Williamsburg County, which began on the 24th day of October, 1894, heard this motion. Defendant's attorneys first moved to strike out the first ground, for the change of place of trial, on account of plaintiffs' belief that they could not obtain a fair and impartial trial of their action in Williamsburg County, giving as the reason therefor that twenty days' notice had not been given to the defendant. The Circuit Judge declined to sustain this

motion of defendant, alleging that section 147 of the Code embraced this as one of the grounds for a change of trial, and that section 403 of the Code fixed four days as the time which must be observed in such notices. To this ruling of the Circuit Judge the defendants excepted, and now renew such exception here. We will now consider this exception.

The framers of the Constitution, ratified in April, 1868, in section 2 of article V., directed that the General Assembly should "pass the necessary laws for the change of venue in all cases, civil and criminal, over which the Circuit Court have original jurisdiction, upon a proper showing, *supported by affidavit*, that a fair and impartial trial cannot be had in the county where such trial or prosecution was commenced." Accordingly, in September, 1868, the General Assembly enacted a law embodying the requirements of the Constitution, as found in section 2, article V. (see 14 Stat. at Large, 84), and the terms of this act, in its entirety, are incorporated in our civil statute laws, at section 2246. Under these acts, notice of such motion must be made during term time, and upon twenty days notice of such application to the adverse party. But section 147, subdivision 2, of our Code of Civil Procedure provides the court may change the place of trial, "when there is reason to believe that an impartial trial cannot be had therein." It is curious, but true, that in title LV. of the Code of Civil Procedure, beginning with section 144 and ending with 147, there occurs no provision that the change of place of trial shall be *upon affidavit*, as required by the Constitution. Such being the case, subdivision 2 of section 147 of the Code of Procedure cannot be said to fill the requirements of the Constitution, which was mandatory, that the same shall be made on affidavit, and that the General Assembly shall so provide. Under this view of this phase of the appeal, it seems that the Circuit Judge was in error, and should have granted the motion of defendant to exclude from plaintiff's motion the right to a change of venue be-

cause a fair and impartial trial cannot be had in Williamsburg County; and, of course, the original act of 1868, with all its incidents, still controls.

We will now dispose of the other exceptions in their order. Both sides to the contention then submitted affidavits relating to the convenience of witnesses and ends of justice being promoted by the change of place of trial. Subdivision 3 of section 147 of our Code of Civil Procedure allows a Circuit Judge to change the place of trial, "when the convenience of witnesses and the ends of justice would be promoted by the change." And the Circuit Judge sustained the change applied for on this ground also. Was it error so to hold? The appellant here contends that it was, on the following grounds: *First.* The notice of plaintiffs should have been for twenty days and not four days for the proposed motion. We cannot so hold as to the first and third subdivisions of section 147 of the Code of Procedure, for section 403 of such Code expressly fixes four days notice of all motions. *Second.* Because, so far as the convenience of witnesses was concerned, the showing by affidavits made it to appear that more witnesses in number of both plaintiffs and defendants were more conveniently located as to Kingstree, the county seat of Williamsburg County, than to Florence C. H., the county seat of Florence. Appellant has, inadvertantly, no doubt, suffered to escape him that the subdivision (3) of section 147 relates not only to the convenience of witnesses, but also to the ends of justice being promoted by this change in the place of trial. We may remark at this point that, if we had the right to express an opinion, we can very well understand how the Circuit Judge was impressed with the view that the ends of justice would be promoted by this change in the place of trial from Williamsburg County to Florence County. The defendant railroad ran through both of said counties. There had been already long delays in the trial of this action. It was begun in 1889, and this motion was made in 1894. Two efforts had proved abortive to procure

a verdict from juries in Williamsburg County. Impassioned articles on each side of the controversy had appeared in the county newspapers—even making reference to political differences. Is there to be no end to a litigation? Effort after effort has failed in Williamsburg. What more natural than to send the cause for trial away from all these surroundings? In what we say, it is desired to emphasize the fact, that we do not lack in sympathy for the people of Williamsburg; whenever any attack shall be made upon them. We do not understand that any attack is made upon them. They are a brave, generous, upright people. This is not their lawsuit. An appeal has been made by other parties to this suit, either directly or through their respective friends, to popular feeling *outside the channels of the law*, for this lawsuit should have been settled in the court. We do not perceive that the Circuit Judge has said which side to this controversy was to blame therefor, if any blame was to be found with either. Frequently both sides to a quarrel, before it is ended, are to blame. Justice is not to be attained by any such methods. So, therefore, we venture to say this much. But, as we understand our duty under the laws of our country, no expression so far as rendering a decision on the facts of a law case can be had from this court. Both the Constitution and the statutes forbid it. Our decisions uphold such views, even on motions for a change of place of trial. *Gower* v. *Thompson*, 6 S. C., 313; *Parker & Co.* v. *Grimes & Co.*, 9 S. C., 284. There is no question of law here involved. Our recent case of *Utsey* v. *R. R.*, 38 S. C., 399, is decisive of the jurisdiction of the Circuit Judge to pass the order, if he became satisfied from the showing, that his judicial discretion should so act. We overrule, therefore, this ground of appeal. The seventh ground of appeal is overruled for the reasons just given.

The eighth ground of appeal suggests, that the plaintiffs having brought their action in Williamsburg County, having named said county as the proper county for trial, having joined issue therein, and gone to trial in

21—46

said county, are estopped from moving to change the place of the trial to another county. We cannot take this view of the law. The statute fixes no time at which the motion to change the place of trial shall be made. It only provides for such a change when certain facts are made to appear to the satisfaction of the Circuit Judge. The law, then, being silent, we cannot say that it *intended* to say anything.

Lastly, it is suggested the Circuit Judge did not exercise a legal discretion. We do not so view the order made. The Circuit Judge is clothed by law with this power to change the place of trial in certain cases. One of these cases was alleged in the motion. He has decided that question under this grant of power.

It follows, therefore, that we must affirm the order appealed from, except that we overrule one ground upon which it was based, the right to change the place of trial, because a fair and impartial trial cannot be had in Williamsburg County without the twenty days notice of such motion having been given by plaintiffs to the adverse party.

It is the judgment of this court, that the order appealed from be affirmed.

MR. JUSTICE GARY, *concurring*. The main question raised by the appellant is that of jurisdiction. Whatever right the appellant may have had to object to the jurisdiction of the court to entertain the motion was *waived* when it introduced affidavits in its behalf and contested the motion on its *merits*. *Smith* v. *Walke*, 43 S. C., 381; *Oliver* v. *Fowler*, 22 S. C., 540. The other questions involved are those of *fact*, which in cases such as this are not ordinarily the subject of review by this court. I, thererore, concur in the opinion of Mr. Justice Pope.

Mr. CHIEF JUSTICE McIVER, *dissenting*. I dissent because I do not think that the Circuit Judge had any power to hear the motion, except upon twenty days notice.