6851

### HUNTER v. D. W. ALDERMAN & SONS CO.

JURISDICTION—VENUE.—A DOMESTIC CORPORATION should be sued in the county in which it has its legal residence. A milling corporation has not a legal residence in a county in which it only owns property and runs a mill.

Before MEMMINGER, J. Sumter, July, 1907. Reversed. Action by W. F. Hunter against D. W. Alderman & Sons Co. From order refusing motion for change of venue defendant appeals.

*Messrs. Charlton DuRant* and *Lee & Moise*, for appellant, cite: 74 S. C., 72, 438; 35 S. C., 578; 28 S. C., 313; 25 S. C., 365.

*Mr. L. D. Jennings, contra,* oral argument.

April 9, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The plaintiff in this action alleges that the defendant is a corporation with one of its places of business at Alcolu, Clarendon County, South Carolina, and has one of its steam saw mills at said place. That while in the employ of the defendant as a sawfiler and band-saw adjuster at said mill and while so engaged in defendant's sawdust pit, a pit used for band-saw to revolve in, on the 2nd day of June, 1905, the steam out of the boiler or boilers was turned on by the defendant, which caused said band-saw to revolve in pit and cut the plaintiff's right leg almost to the bone, and otherwise bruised and injured plaintiff, causing him great bodily pain, mental anguish and a great nervous shock, and that plaintiff is permanently injured in his right leg, and unable to perform regularly his regular avocation.

The defendant, D. W. Alderman & Sons Co., answering the complaint, admits its corporate character and that plaintiff was in its employ at the time, but alleges that the injury to the plaintiff was caused by his own negligence in knowingly placing himself in a dangerous position by not using a safety appliance, and further, that the injury to the plaintiff was caused by the negligence of a fellow servant in violating his instructions, for which violation it is not responsible. The defendant, further answering, alleges that the plaintiff was a mere volunteer, and defendant owed him no duty except not to wilfully or maliciously injure him, which defendant did not do.

Upon these pleadings a trial was had, which resulted in a mistrial. The plaintiff thereupon moved to amend its complaint, which was granted. The defendant, before it answered, gave notice of a motion for the removal of the cause upon affidavit, as follows:

"Personally appeared D. W. Alderman, who, being sworn, says that he is the president of the defendant company; that the defendant company is a domestic corporation, duly chartered under laws of said State, with its principal place of business designated in said charter as Alcolu, S. C.; that Alcolu, S. C., is in the County of Clarendon.

"The deponent further says that at the time of the commencement of said action and now the principal and only office for the transaction of business of the defendant company was and is in Clarendon County, and that it had and has no agent or place of business in Sumter County, nor has the defendant company ever had an agent or place of business in Sumter County.

"Sworn to before me this 27th day of March, A. D. 1907.
                (Signed)                    D. W. ALDERMAN.
                    "F. L. WOLFE,
(Seal)          "Notary Public for S. C."

Which was refused by the order of his Honor, Judge Memminger, as follows:

"The above case came to a hearing upon a motion by the defendant to transfer the place of trial to Clarendon County. Upon hearing the motion and inspection of the record in the cause wherein defendant has answered,

"It is ordered, That said motion be and is hereby refused, said answer being invoked by plaintiff, as contradicting the affidavit upon which the motion was based."

The case of *Cromwell* v. *Insurance Co.*, 2 Rich., 512, holds: "That a domestic corporation has its legal residence where its corporate business is done."

The Court, in the exercise of reaching the proper solution of the question, has been shown cases of *McGrath* v. *Ins. Co*, 74 S. C., 72, 54 S. E., 218, and *Nixon and Danforth* v. *Mutual Ins. Co.*, 74 S. C., 438, 54 S. E., 657. The result of those decisions is that a domestic corporation must be sued in the county of its legal residence and that the jurisdiction in such case relates to the subject matter and not the person; as is said in the late-cited case, "Jurisdiction of the subject matter of a suit exists when the Court has a right to proceed and determine the controversy in question between the parties and to grant the relief prayed for. *Hope* v. *Blair,* 24 Am. St. Rep., 366."

As long as the matter is pending in the Court, even in the Supreme Court, it is in the power of the defendant to raise the question of jurisdiction. In the case of *Nixon* v. *Ins. Co., supra,* after the complaint had been answered the defendant raised the question as to the proper county in which the suit should be brought; the suit was brought in Colleton County, and the affidavit insisted that Spartanburg was the county in which the defendant was to ·be sued. This Court held that such was the case, and granted the motion for a change of venue.

In the case at bar the exact condition of affairs existed as in the case of *Nixon* v. *Ins. Co.*, and it seems to us that the Circuit Judge overlooked the decisions which we have just

cited, for he ought to have granted the motion for change of venue from Sumter to Clarendon.

The affidavit set forth that the act of incorporation set out that Alcolu was the place where the offices existed. This merely qualifies the answer of the defendant in the suit brought where the original answer of Alderman & Sons Co. only set out that they owned property, and nowhere set out that they had agents in Sumter County. We think the defendant entitled to have its motion granted.

The order of Judge Memminger must be reversed, and it is so adjudged.

MR. JUSTICE GARY *dissents*.