## 16513

### WOOD *ET AL.* v. LEA
(65 S. E. (2d) 669)

*Messrs. Holcombe & Bomar,* of Spartanburg, *for Appellant,*

*Mr. L. A. Hutson, Jr.,* of Greenville, *for Respondents,*

June 11, 1951.

*Per Curiam.*

This is an appeal from an order refusing appellant's motion for a change of venue from Greenville County to Spar-

tanburg County, where the appellant resides and resided at the time of the commencement of the action.

The action was brought against the appellant individually and as executor of the will of John L. Freeman to recover "broker's commissions" claimed to be due the respondents for selling a tract of land which was owned, at the time of his death, by the said John L. Freeman, whose estate is under administration in Greenville County. The appellant (defendant) is the executor of Mr. Freeman's will, which devised the land in equal shares to the testator's four children and did not authorize the executor to sell or otherwise deal with any of his real estate.

The agreed "Statement" in the Transcript of Record contains the following quoted paragraphs:

"On October 3, 1949, the Defendant listed the real estate for sale with the Plaintiffs for a period of 60 days, signing the paper 'Charles Lea Executor Estate John L. Freeman'. On December 12, 1949, the listing period was extended 30 days by a paper which the Defendant signed 'Charles Lea Executor'.

"On March 20, 1950, the devisees of John L. Freeman conveyed the land in question to E. A. Andrews, whom the Plaintiffs claim as their prospect. The Defendant did not join in the execution of the deed."

It is not amiss to here mention that the listing of this property for sale by the appellant with the respondents on December 12, 1949 for 30 days was more than one week after the life of the first listing on October 3, 1949 had expired, and makes no mention of the October 3rd listing; and is signed by the appellant as owner and executor. It sets no price at which the land was to be sold as did the first listing, but to the contrary contains this notation: "Call us should you get an offer. No. 7107 W." The deed conveying this property (expressing a consideration of $6,400.00) is dated February 23, 1950, but we assume was not delivered until March 20, 1950. However, both dates are subsequent to the expiration of the life of the last listing on December 12, 1949.

The notice of motion for change of venue was "on the ground that the defendant (appellant), at the time of the commencement of this action, resided, and still resides, in Spartanburg County, and that the joinder of the defendant (appellant), in his capacity as executor of the Last Will and Testament of John L. Freeman, deceased, was not *bona fide,* no cause of action being stated against him in that capacity, but was done solely for the purpose of attempting to lay the venue of this cause in Greenville County."

At the hearing on this motion the respondents produced the two papers hereinbefore referred to listing this real estate with the respondents for sale, and in each of which the appellant agreed to pay respondents 5% commission out of the price sold for. In the October 3, 1949 paper it was stipulated that appellant wanted the property sold for an amount which would net $7,000.00, but in the December 12, 1949 listing, no minimum price was fixed. In addition to these two papers, a copy of the deed from the devisees named in the will to E. A. Andrews was exhibited, and is included in the records as was a copy of the will of John L. Freeman.

The learned Circuit Judge before whom the motion for a change of venue was argued found as a fact: (1) That the appellant was a *bona fide* resident of Spartanburg County and was so residing at the time of the commencement of this action. (2) That the appellant was the sole qualified and acting executor of the will of John L. Freeman, and qualified as such executor in Greenville County, but that there was no provision in the will for the sale of the testator's real estate. (3) That the appellant did not join in the deed conveying the property to E. A. Andrews. (4) That "the prayer of the complaint, although not to be considered even on the question of whether a cause of action is stated, does not seek judgment against the Defendant (appellant) as Executor," and that the complaint states no cause of action against the appellant in his capacity as executor of the estate of John L. Freeman. He then states, as a matter of law, that if the appellant had been in fact authorized to and was act-

ing in his official capacity as executor of the estate of John L. Freeman in the transaction, the action would properly lie against him in the county of the administration, to wit, Greenville County, citing the first proviso in Section 422 of the Code of .1942, which expressly so provides. This is of course a correct statement of the law if a cause of action had been stated against appellant as executor.

Notwithstanding the findings of fact above. stated, and the statement of the governing law, Judge Eatmon then refused appellant's motion for a change of venue for the reason that appellant had held himself out in his dealings with the respondents as acting in his capacity as executor. In this connection, we call attention to the fact that the will of John L. Freeman was a public record, and the respondents had at least constructive notice that appellant was without authority to act in respect to the land which had been devised to the testator's four children.

The right of a defendant in a civil action to a trial in the county of his residence assured him under Section 422 of the Code of 1942 is a substantial right; and when it is sought to defeat such right by the joinder of another defendant which would permit venue to be laid in the county where the action is brought, upon the raising of the issue of venue, a plaintiff must establish, not by merely a scintilla of evidence, but by at least a balance of the evidence, that he has a valid cause of action against such joined defendant, and should he fail in this, it is the duty of the Court to give the defendant seeking a change of venue a right of trial in the county of his residence. *Dunbar v. Evins*, 198 S. C. 146, 155, 156, 17 S. E. (2d) 37. See also, *White v. Nichols,* 190 S. C. 45, 51, 1 S. E. (2d) 916, 919, wherein it is stated: "Section 422 of the Code provides that an action of this nature *shall* be tried in the County in which the defendant resides, and if there be more than one defendant, then it *may* be tried in any County in which one or more of the defendants reside at the time of the commencement of the action. This of course means a material and *bona fide*

defendant against whom a cause of action has been stated, for our Court has ruled that the mere joining of a party as a defendant for the purpose of laying venue in a County different from the residence County of the real defendant will not suffice.

Therefore it is recognized that upon motion timely made, the Court will inquire into facts of the case sufficiently to determine the probability of a defendant being material when venue is dependent upon such defendant."

It would serve no purpose to prolong this opinion. The Circuit Judge held that the complaint states no cause of action against the appellant in his capacity as executor, and the respondents have not challenged such holding. Therefore the defendant in his capacity as executor is not a material and *bona fide* defendant, and the motion for a change of venue should have been granted.

Reversed and remanded for such further proceedings as may be necessary to effect a change of venue, and trial of the case against the appellant individually in the county of his residence, to wit, Spartanburg County.