16666

MOODY v. BURNS *ET AL.*

(72 S. E. (2d) 189)

*Messrs. Perrin, Ward & Perrin,* of Spartanburg, *for Appellant,*

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Respondent,*

*Messrs. Perrin, Ward & Perrin,* of Spartanburg, *for Appellant, in Reply,*

September 4, 1952.

Fishburne, Justice.

This is an appeal from the order of the circuit court refusing a motion on the part of the defendant, Arthur Burns, trading as Arthur Burns Motor Company, appellant here, to change the venue of this action from Dillon County to Spartanburg County. The motion was based on the ground that Burns, being the real defendant in the cause and a resident of Spartanburg County, has the right to have the action tried in the county of which he is a resident; and that the joinder of the defendant, Uler C. Vander Hall a sham and immaterial defendant, could not defeat that right.

The action was brought by the plaintiff, as administrator of the estate of Garrett Moody, deceased, against Burns, a resident of Spartanburg County, Henry G. Clary, Jr., a resident of Cherokee County, and Vander Hall, a resident of Dillon County, to recover damages in the sum of $100,000.00.

The appellant Burns, answered the complaint, subject to his right to be heard on the motion made by him for a change of venue. Vander Hall filed an answer, counterclaim and cross action, in which he seeks judgment against the plaintiff, the defendant, Clary, and the appellant, Burns, in the sum of $10,000.00 for personal injuries alleged to have been received by him in the collision referred to in the complaint. Burns thereupon filed a reply to so much of the counterclaim and cross action as pertained to him. The defend-

ant, Henry G. Clary, Jr., has made no appearance in the case, and is in default.

The motion to change the venue was heard upon the pleadings, together with certain affidavits and documents filed by the appellant and by the plaintiff. Attorneys for the defendant Vander Hall, who has set up a counterclaim and cross action against the appellant, were present at the hearing, but filed no affidavits or other papers for the consideration of the court. The action was brought to recover damages for the wrongful death of plaintiff's intestate, which occurred on or about May 19, 1951, in a collision which involved three automobiles.

According to the evidence adduced at the hearing before the Circuit Judge, the accident which gave rise to this controversy occurred on United States Highway No. 301 at a point approximately two miles East of the city limits of Florence, after midnight,—that is, about one o'clock. The highway at this point is practically straight for a mile or more in each direction.

The defendant Clary, who is alleged to have been the agent and servant of the appellant Burns, at the time of the accident, was operating a Nash automobile on his right hand side of the highway, going toward Florence, at a speed estimated to be seventy miles per hour, when he came up behind the Buick automobile in which plaintiff's intestate was riding as a passenger, also going toward Florence and traveling on its right hand side of the highway, in its proper lane.

The defendant Vander Hall, who, it is alleged, is a sham defendant in this action, in order to retain jurisdiction in Dillon County, was driving a Ford automobile, coming from the opposite direction, on his right hand side of the highway. He was in the act of meeting and passing the approaching Buick automobile in which plaintiff's intestate was riding, when suddenly and without warning, Clary, driving the Nash automobile behind the Buick, struck the Buick with

terrific force from the rear, forcing it to its left across the highway immediately in front of the Vander Hall Ford car, and completely blocking that car's passageway. The evidence shows that Vander Hall was driving at about fifty-five miles an hour, and on his own right hand side of the road. He had no time to stop or turn, and the front of his Ford automobile crashed into the right hand side of the Buick on which plaintiff's intestate was riding.

As a result of these collisions, whether caused by one or both, plaintiff's intestate was instantly killed.

At the time of the institution of this action, the defendant Vander Hall, a negro nineteen years of age, was a tenant farmer and owned no property. So far as the record shows, he was not served with notice to apply for the appointment of a guardian ad litem, and no guardian ad litem has been appointed for him.

The record further shows without contradiction, that Clary, the defendant who drove the Nash automobile into the rear of the Buick, which was proceeding at about 35 to 40 miles per hour, had been constantly drinking beer and whiskey from about five o'clock in the afternoon of May 18th until he crashed with terrific speed into the Buick in which plaintiff's intestate was a passenger, about one o'clock on the morning of May 19th.

An effort was made by respondent to show that the lights of the approaching Ford car, driven by Vander Hall, were "vibrating" and in the affidavit by Clary this alleged vibration was ascribed to speed; but nowhere in the Clary affidavit is any estimate made as to the rate of speed at which the Vander Hall Ford car was traveling. It could well be true, that Clary in his alcoholic condition *thought* the lights were vibrating. Vander Hall in his affidavit offered by appellant, states that he was traveling at about fifty-five miles per hour; that he saw the Buick automobile approaching, and that there was a car behind it (Clary's Nash). Both of these cars were on their right hand side of the road; he

had no advance warning of any collision until the Buick in which plaintiff's intestate was riding, was suddenly and violently thrown across the road into his lane of travel, rendering the accident inevitable. We might say in passing, that the Ford car was practically demolished, and one passenger in it was killed.

The respondent likewise submitted a statement given by Vander Hall at the coroner's inquest, wherein he stated that he was traveling at about fifty to sixty miles an hour.

Respondent submitted an affidavit of Patrolman Webb, which in effect states that Vander Hall had been in an automobile collision in the city of Florence and was driving rapidly away from the scene of this collision on Highway 301, when he collided with the Buick car a minute or so later; and that this distance which he had to cover in a "minute or so" was about one and one-quarter miles; therefore, the Patrolman estimated that Vander Hall must have been driving at a speed of about ninety miles an hour. The Webb affidavit is entirely contrary to the statement introduced by respondent from Vander Hall, in which he said he was traveling between fifty and sixty miles per hour. Of course, in submitting the Webb affidavit, counsel for respondent was attempting to show negligence and wilfulness on the part of Vander Hall which justified his being made a defendant and would retain the case in Dillon County. However, this question of speed is purely speculative, and is "overbalanced" by the other testimony referred to.

Even if there were evidence that Vander Hall was violating the speed statute,—55 miles per hour, Sec. 60(b), Act June 7, 1949, 46 St. at Large, Pages 486, 487—which in our opinion has not been shown, plaintiff would have to go further and show that a causal relationship existed between such act and the injury, and that such violation was the proximate cause or a contributing proximate cause, of the accident. *Ready v. Barnwell County,* 167 S. C. 62, 165 S. E. 676; *Cirosky v. Smathers,* 128 S. C. 358, 122 S. E. 864.

The only specifications of negligence alleged in the complaint which may relate to Vander Hall are (1) speed, (2) lack of proper control, and (3) failure to keep a proper lookout. But even under the allegations of the complaint, if it can be said that Vander Hall was guilty of any negligence, on the record it was too remote a cause in the chain of causation. If negligence at all, it was a mere condition upon which Clary's gross negligence operated as an efficient cause without which the collision would not have taken place. But, as heretofore stated, there is not the slightest evidence that Vander Hall was not driving on his own right hand side of the highway and had no reason whatever to anticipate that the Buick car would be thrown across his path by the Nash driven by Clary.

We might add also that at the inquest, presided over by the coroner, the jury found that plaintiff's intestate came to his death as a result of carelessness and recklessness on the part of Clary, and the court recommended that he be held for action by the grand jury. No finding of negligence of any kind was made against the defendant Vander Hall or against the driver of the Buick in which plaintiff's intestate was a passenger. Within due time, the grand jury returned a true bill against Clary charging him with murder. No charges were ever made against the defendant, Vander Hall. And prior to the institution of this action, Vander Hall was unaware that anyone held him in any way responsible for the accident in question.

The right of a resident defendant to a trial in the ▮▮ county of his residence assured him under Sec. 422 of the 1942 Code, has been aptly described by this court in repeated decisions as a substantial right. *Rankin Lumber Co. v. Graveley,* 112 S. C. 128, 99 S. E. 349; *Anderson v. Baughman,* 167 S. C. 164, 166 S. E. 83. And he who asserts the right to sue a defendant in a county other than that of defendant's residence, must at least "balance" the testimony showing such right of departure. *Rosamond v. Lucas-Kidd Motor Co.,* 183 S. C. 544, 191 S. E. 516.

It has been further held that in passing upon whether a defendant is immaterial and has been joined merely for the purpose of permitting the action to be tried in a county other than that where the real defendant resides, the fact that the complaint states a cause of action against the challenged defendant is not *ipso facto* conclusive. *White v. Nichols,* 190 S. C. 45, 1 S. E. (2d) 916; *Dunbar v. Evins,* 198 S. C. 146, 17 S. E. (2d) 37.

As was said by this court in *Rosamond v. Lucas-Kidd Motor Co.,* 183 S. C. 544, 191 S. E. 516, 518:

"We are very reluctant to reverse the ruling of a circuit judge, especially when the main issue is one of fact, but as was stated in the case of *Adams v. Fripp,* 108 S. C. 234, 237, 94 S. E. 109, the testimony for the movants so preponderates that we are persuaded that the court was manifestly wrong not to have concluded that the venue had been laid in the wrong county. Of course, had the same testimony been adduced upon a trial of the case on its merits before a jury, the question of the liability of H. L. Rosamond would have necessarily been submitted to the jury. But on a motion of this nature the judge before whom it is made, sits both as judge and jury."

The principles stated are well illustrated in *White v. Nichols,* 190 S. C. 45, 1 S. E. (2d) 916.

After a thorough examination of the record and the applicable law, it is the judgment of this court that the contention of the appellant must be sustained and the order appealed from be reversed. It is, therefore, ordered that this case be transferred for trial from Dillon County to the Court of Common Pleas for Spartanburg County.

Judgment reversed.

BAKER, C. J., TAYLOR, OXNER, JJ., and E. H. HENDERSON, Acting Associate Justice, concur.