16886

WARREN v. PADGETT *ET AL.*
(82 S. E. (2d) 810)

*Hugh O. Hanna, Esq.,* of Hampton, *for Appellant,*

*Messrs. Clyde A. Eltzroth* and *Randolph Murdaugh,* of Hampton, *for Respondent,*

June 30, 1954.

TAYLOR, Justice.

This is an appeal from an Order of the Circuit Court refusing a motion on the part of the defendant, Ozzie Padgett, appellant here, to change the venue of the action from Hampton County to Jasper County. The motion was based

on the ground that Padgett being the real defendant in the case and a resident of Jasper County has the right to have the action tried in the county of his residence; that the defendant, Lawrence Fuller is a sham and immaterial defendant and such joinder could not defeat this right. The matter was heard before Honorable G. Badger Baker, presiding Judge in the Fourteenth Circuit, who, after hearing arguments from both sides, refused the motion. At the time the motion was presented to the presiding Judge for his consideration, no answer had been filed on the part of the defendant, Padgett, as plaintiff had agreed to extend time for filing of such answer and no appearance had been noted on the part of Lawrence Fuller. Incorporated into the record is an affidavit by an attorney stating that Lawrence Fuller had conferred with him soon after service; that in his opinion Lawrence Fuller could not be made to respond to judgment and for that reason no answer had been filed. Therefore, the hearing Judge had before him only the plaintiff's complaint together with the aforementioned affidavit and an affidavit of appellant's counsel together with oral argument of counsel. The record before us includes only the complaint and affidavits.

Plaintiff seeks to recover damages suffered while riding as a passenger in a car owned and operated by appellant in Hampton County when it was involved in a collision with a truck owned by the defendant, Lawrence Fuller. Respondent is a resident of Hampton County, the defendant, Fuller, is a resident of Hampton County and appellant is a resident of Jasper County and all witnesses are residents of Hampton and Allendale Counties except appellant. The complaint set forth that plaintiff's injuries were directly due to and proximately caused by the joint and concurrent negligence, heedlessness, carelessness, recklessness, willfullness, wantonness and gross negligence of the defendants in the following particulars, to wit:

(a) In the defendant Padgett driving his automobile at an unlawful rate of speed and at a speed greater than was

reasonable and prudent under the circumstances and conditions existing at the time of the collision hereinabove referred to.

(b) In the defendant Padgett failing to decrease the speed of said automobile when it was approaching the vehicle of the defendant Fuller.

(c) In the defendant Padgett failing and refusing to stop and allow the plaintiff to alight from said vehicle.

(d) In the defendant Padgett failing to apply his brakes and stop or to take any precautions to avoid colliding with the pickup truck.

(e) In the defendants' failing and omitting to keep a proper lookout.

(f) In the defendants' failing and omitting to keep their vehicles under proper control.

(g) In the defendants' failing and omitting to have their vehicles equipped with proper and sufficient brakes.

(h) In the defendants' failing and omitting to take any precautions or use due care in order to prevent said collision and the resulting injuries to the plaintiff.

(i) In the defendant Fuller's agent, servant and employee practically stopping his pickup and commencing a turn, under the existing circumstances and conditions, without giving the Statutory hand signals as required by the Laws of the State of South Carolina.

(j) In the defendant Fuller's agent, servant and employee commencing a turn on said public highway when the automobile in which plaintiff was riding was approaching closely.

(k) In the defendant Fuller's agent, servant and employee turning his pickup directly into the path of the said automobile.

(1) In the defendant Fuller's agent, servant and employee driving and operating his pickup in such a manner as to indicate an utter reckless, heedless and willful disregard for the rights and safety of persons and other vehicles traveling upon said highway.

The right of a resident defendant to trial in the county of his residence has been aptly described by this Court as a substantial right, *Rankin Lumber Co. v. Graveley,* 112 S. C. 128, 99 S. E. 349; *Anderson v. Baughman,* 167 S. C. 164, 166 S. E. 83; *Moody v. Burns,* 222 S. C. 258, 72 S. E. (2d) 189, and he who asserts the right to sue a defendant in a county other than that of his residence must at least balance the testimony showing such right of departure, *Rosamond v. Lucas-Kidd Motor Co.,* 183 S. C. .544, 191 S. E. 516, 518, and it becomes necessary to determine the question of whether or not a defendant is a *bona fide* defendant or an immaterial one merely joined for the purpose of permitting the action to be tried in a county other than that of the residence of the real defendant. The fact that the complaint states a cause of action against the alleged immaterial defendant is not *ipso facto* conclusive, *Moody v. Burns, supra.*

In *Rosamond v. Lucas-Kidd Motor Co., supra,* this Court said:

"We are very reluctant to reverse the ruling of a circuit judge, especially when the main issue is one of fact, but as was stated in the case of *Adams v. Fripp,* 108 S. C. 234, 237, 94 S. E. 109, the testimony for the movants so preponderates that we are persuaded that the court was manifestly wrong not to have concluded that the venue had been laid in the wrong county. Of course, had the same testimony been adduced upon a trial of the case on its merits before a jury, the question of the liability of H. L. Rosamond would have necessarily been submitted to the jury. But on a motion of this nature the judge before whom it is made, sits both as judge and jury." See, also, *White v. Nichols,* 190 S. C. 45, 1 S. E. (2d) 916; *Dunbar v. Evins,* 198 S. C. 146, 17 S. E. (2d) 37.

In the instant case the hearing Judge set forth in his Order that the matter was heard by him by consent of the parties, that the motion was based upon the ground that Padgett being the real defendant in the

cause and a resident of Jasper County has the right to have the case tried in the county of his residence and that the defendant, Fuller, being a dummy or immaterial defendant could not defeat that right. In determining that question the hearing Judge sat as both Judge and jury and states that "plaintiff in her complaint has alleged a causal relationship between the acts charged against Fuller and the accident and further that such delicts were at least a contributing proximate cause of the accident and not a mere condition." The Order further states "that one who asserts the right to sue a defendant in a county other than that of the moving defendant's residence, must at least balance the testimony showing such right of departure, which in my opinion has been done in this case" all of which is in line with the decision of this Court in *Moody v. Burns, supra.* The fact that Fuller is in default or cannot respond to a judgment does not prevent the plaintiff from having a cause of action against him. The ability or inability of one to respond to a monetary judgment has no bearing upon the venue of a case except that it may be considered by the hearing Judge in determining the question of whether or not such defendant is a *bona fide* or *mala fide* defendant. The hearing Judge further states in his Order that it appears that Fuller owns some real estate which is mortgaged and appellant in his brief states that he will contend on trial that the alleged injury was caused by the sole and gross negligence of the defendant, Fuller. In the opinion of the hearing Judge, plaintiff alleged a cause of action against both defendants and Fuller is a material and *bona fide* defendant. These findings by the hearing Judge will not be disturbed by this Court unless they appear to be manifestly wrong which is not the case here.

We are of the opinion that the Order appealed from should be affirmed and It Is So Ordered.

STUKES and OXNER, JJ., and J. ROBERT MARTIN, JR., Acting Associate Justice, concur.

BAKER, C. J., not participating.