17004

WALLY WITHERSPOON, Adm'r, Appellant, v. SPOTTS AND COMPANY, SHARPE CONSTRUCTION COMPANY and DONALD HUNTER, Respondents

(87 S. E. (2d) 477)

*James Hugh McFaddin, Esq.,* of Manning, *for Appellants,*

*Messrs. Shuler & Harrell,* of Kingstree, *John G. Dinkins,* of Manning, and *Williams & Parler,* of Lancaster, *for Respondent,*

May 17, 1955.

TAYLOR, Justice.

This appeal arises out of an action brought in the Court of Common Pleas for Clarendon County by appellant for the wrongful death of one Bertha Witherspoon.

The defendants by their separate answers plead generally to the complaint and the case was docketed for trial at the March, 1954, Term of said Court. Upon call of the calendar for said term of Court March 2, 1954, motion for a change of venue was made by the defendant Donald Hunter, upon the grounds of the convenience of witnesses and that the Sharpe Construction Company is a sham and immaterial defendant. After considering the pleadings and affidavits submitted, the case was ordered transferred from Clarendon County to Lancaster County. The pertinent portions of said Order are:

"This matter comes before me on motion of the defendant, Donald Hunter,·for a change of venue from the County of Clarendon to the County of Lancaster upon two grounds, to wit: Subsection (1) and Subsection (3) of Section 10-310 of the Code of Laws of South Carolina for the year 1952. * * *

"It is undisputed that the defendant, Donald Hunter, is a resident of Lancaster, South Carolina, and I am satisfied from the facts presented that Donald Hunter is the real Defendant and that Sharpe Construction Company, the Clarendon County resident defendant, is an immaterial defendant, and I so find and hold."

Plaintiff appeals contending:

"I. His Honor erred in not holding that each of the defendants had waived the right to raise the objection to the Court of Common Pleas for Clarendon County by answering to the merits the question of jurisdiction relating to the person of the defendant and not to subject matter.

"II. His Honor erred in holding as a matter of law that Sharpe Construction Company was an immaterial defendant and that Donald Hunter was the real defendant, the error being that the action is joint and several and the plaintiff may elect to bring the action in any county in which one or more of the defendants reside."

The first question must be resolved against the contention of appellant upon authority of the recent case of *Brown v. Palmetto Baking Co.,* 220 S. C. 38, 66 S. E. (2d) 417, 419, wherein it is held that answer in an action does not constitute a waiver of the right to move to transfer a case to the proper county for trial, stating:

"The Nixon & Danforth decision is very clearly authoritative of the rule that answer in an action does not constitute waiver of the right to move to transfer the case to the proper county for trial. The subsequent cases in point that have been cited in the argument of this appeal are not in conflict with that rule, which will be demonstrated by brief review of them. Before that, it may be said that issues are not joined, necessitating trial, until answer or demurrer, so motion to change the place of trial cannot logically be required in advance of answer or demurrer." *Nixon & Danforth v. Piedmont Mutual Insurance Co.,* 74 S. C. 438, 54 S. E. 657. See also *Willoughby v. Northeastern R. Co.,* 46 S. C. 317, 24 S. E. 308; *Hunter v. D. W. Alderman & Sons Co.,* 79 S. C. 555, 61 S. E. 202; *Rosamond v. Lucas-Kidd Motor Co., Inc.,* 182 S. C. 331, 189 S. E. 641.

The second question must also be resolved against appellant's contention under authority of *Brown v. Palmetto Baking Co., supra,* wherein this Court stated in dealing with a similar matter:

"The court made relevant factual findings which are practically undisputed on appeal, and, supported by the evidence, they are binding anyway." And cites *Morris v. Peoples Baking Co.,* 191 S. C. 501, 5 S. E. (2d) 286, 287, wherein this Court said: "The Circuit Judge has found as a fact that appellant has an agent and conducts its corporate business in Williamsburg County. In a law case, this Court has no power to review such finding of fact unless wholly unsupported by evidence or manifestly influenced or controlled by error of law."

The affidavit of Donald Hunter is to the effect that on April 9, 1953, the date of the collision, the Sharpe Construc-

tion Company and its crew and equipment were approximately three miles from the scene of the collision and that the work of the Sharpe Construction Company required no materials from or the use of the barrow pit on State Highway 527; and that the driver of the defendant's truck, one Leslie C. Kersey, was not its employee but was employed by and controlled exclusively by Donald Hunter.

The affidavit of C. A. Sharpe, secretary and treasurer of the defendant Sharpe Construction Company, states that prior to the date of the collision, Spotts and Company made and entered into a written contract with the defendant Donald Hunter and M. C. Steele; said contract being dated April 1, 1953, provided for the hauling of earth and other materials by Hunter and Steele and that this contract superseded the previous oral contract which was in effect up to April 1. That Sharpe Construction Company had no occasion to use the barrow pit on Highway 527 or haul materials therefrom; that the Sharpe Construction Company neither owned, rented, had any interest in, or control over the truck involved in the collision and that the driver of said truck was the employee solely of Donald Hunter; that at the time of the collision the Sharpe Construction Company was engaged in sub-grading road No. 47, approximately three miles away.

To like effect is the affidavit of Vernor F. Epting, superintendent of Spotts and Company.

We are therefore unable to say that the finding of the circuit Judge that the defendant Donald Hunter is the real defendant and the Sharpe Construction Company an immaterial one is wholly unsupported by the evidence or manifestly influenced or controlled by error of law.

For the foregoing reasons, we are of the opinion that the exceptions should be dismissed and the Order appealed from affirmed, and It Is So Ordered.

BAKER, C. J., and OXNER and LEGGE, JJ., concur.

STUKES, J., dissents.

STUKES, Justice (dissenting).

I concur in so much of the opinion of Mr. Justice Taylor as holds that the motion for change of venue was timely made, it having been noticed before the term at which the case was for trial; but I respectfully dissent from affirmance of the holding that Sharpe Construction Company was an immaterial defendant, which was the ground upon which the venue was changed. Upon this issue I think that the plaintiff at least "balanced the evidence," which is the test laid down by the pertinent decisions. *Adams v. Fripp,* 108 S. C. 234, 94 S. E. 109. *Rosamond v. Lucas-Kidd Motor Co.,* 183 S. C. 544, 191 S. E. 516. *White v. Nichols,* 190 S. C. 45, 1 S. E. (2d) 916. *Dunbar v. Evins,* 198 S. C. 146, 17 S. E. (2d) 37. *Moody v. Burns,* 222 S. C. 258, 72 S. E. (2d) 189. *Warren v. Padgett,* 225 S. C. 447, 82 S. E. (2d) 810.

The rule was stated in *Wood v. Lea,* 219 S. C. 409, 65 S. E. (2d) 669, 671, as follows: "The right of a defendant in a civil action to a trial in the county of his residence * * * is a substantial right; and when it is sought to defeat such right by the joinder of another defendant which would permit venue to be laid in the county where the action is brought, upon the raising of the issue of venue, a plaintiff must establish, not by merely a scintilla of evidence, but by at least a balance of the evidence, that he has a valid cause of action against such joined defendant, * * *."

The vital question in *Peters v. Double Cola Bottling Company of Columbia,* 224 S. C. 437, 79 S. E. (2d) 710, 713, in which change of venue was refused, was said to be, "Was the defendant Raymond Kizer made a party to this suit merely for the purpose of placing venue in Dorchester County, or is he a *bona fide* and material defendant against whom a cause of action has been stated in the complaint?"

Undoubtedly a cause of action against Sharpe Construction Company is stated in the complaint here. The action is for damages for the alleged wrongful death of plaintiff's intestate which resulted from the collision on April 9, 1953, of the automobile in which she was riding and a dump truck engaged in highway construction.

The construction contract was awarded to Spotts and Company whose general superintendent made affidavit that Spotts sub-contracted a portion of the work to Sharpe Construction Company which orally sub-contracted the hauling of earth and other material under its subcontract to Donald Hunter and M. C. Steele of Lancaster; and, quoting, "on April 1, 1953, Spotts and Company entered into a written contract with the said Donald Hunter and M. C. Steele whereby that portion of Spotts and Company's principal contract relating to the hauling of earth and other material was subcontracted to Hunter and Steele; that the said written contract superseded and took the place of the oral agreement between Sharpe Construction Company and Donald Hunter and M. C. Steele made prior to April 1, 1953; and that following the execution of said written contract, Donald Hunter and M. C. Steele did a portion of the work on such projects as the subcontractor of Spotts and Company."

Affidavit by Mr. Sharpe, secretary-treasurer of Sharpe Construction Company, also referred to a written contract of April 1, which, quoting from the affidavit, "takes the place of the oral agreement between Sharpe Construction Company, Donald Hunter and M. C. Steele made prior to April 1st * * *."

The alleged written contract, of date nine days before the accident in suit, was not produced.

The specifications of the contract with the Highway Department provided that a subcontractor thereunder will be considered an agent of the principal contractor. An agent is, of course, liable for his or its tort, although the principal is

also liable. They may be joined as defendants and sued in the county of residence of the agent.

Affidavit in behalf of plaintiff established that at the scene of the accident was a sign: "Road Under Construction, Sharpe Construction Company, Inc., Turbeville, S. C." And Mr. Sharpe and his foreman were at the scene of the accident and at the pit from which earth was being hauled. There is a further consideration, which is that Spotts, the owner of Spotts and Company, appears to be an officer and director of Sharpe Construction Company, Inc.

As said at the outset, I think the foregoing balanced respondents' factual showing in support of their contention that Sharpe Construction Company is a sham and immaterial defendant. I would therefore reverse the order under appeal.

The additional ground of the convenience of the witnesses and the ends of justice was not passed upon by the lower court and is not before us.