17441

James W. LEE, Respondent, v. E. Y. NEAL and Henry Smith, d/b/a
Palmetto Drive-In Theatre, Appellant.

(104 S. E. (2d) 291)

*Messrs. Willcox, Hardee, Houck & Palmer* and *W. Laurier O'Farrell,* of Florence, *for Appellant,*

*Messrs. Kirven & Shetley* and *Charles E. Smith,* of Florence, *for Respondent,*

June 30, 1958.

Moss, Justice.

The plaintiff brought this action to recover damages for alleged injuries sustained by him when he was stung by insects while a patron at a Drive-In Movie Theatre, owned and operated by the defendants, said theatre being located near the City of Florence and in the County of Florence, South Carolina. The action was instituted in Darlington County, and the defendant, Henry Smith, was personally served with the summons and complaint in that county. An answer, dated October 9, 1957, was filed, which was in form a general denial. It was later learned that the defendant, Henry Smith, was actually a resident of Florence County. The other defendant, E. Y. Neal, was a resident of North Carolina and was not served with the summons and complaint.

The affidavit of counsel for the defendant states that he learned on March 20, 1958, that the defendant, Henry Smith, was a resident of the County of Florence, South Carolina, and on the next day a notice of motion was served to change the venue of this case from the County of Darlington to the County of Florence, on the grounds that the defendant, Henry Smith, was a resident of Florence County and that the convenience of witnesses and the ends of justice would be promoted by the change. The defendant, Henry Smith, also noticed a motion that he would move for an order permitting him to file an amended answer denying that he was a resident of the County of Darlington.

The motions were heard by the Honorable J. Woodrow Lewis upon affidavits submitted in behalf of the defendants. The plaintiff introduced no evidence to the contrary. Judge Lewis granted that portion of the motion which allowed the defendant, Henry Smith, to amend his answer by denying that he was a resident of the County of Darlington. He denied the motion for a change of venue saying "I have concluded that in the exercise of the Court's discretion the motion should be denied." This appeal followed.

It is the rule in this State where an action is brought against a nonresident and a resident of this State, in which the venue is laid in a county other than that of the resident, the action, on motion, should be transferred to the county of the resident for trial. *Barfield v. Southern Cotton Oil Co.,* 87 S. C. 322, 69 S. E. 603; *Tucker v. Ingram,* 187 S. C. 525, 198 S. E. 25. It is undisputed in the record that E. Y. Neal, one of the defendants, is a resident of the State of North Carolina and has not been served with the summons and complaint in this action. Henry Smith, the other defendant, is a resident of Florence County, South Carolina, and hence, if timely motion was made, it was proper for the court to transfer this case to the county of the residence of Henry Smith.

This Court has held in numerous cases that the right of a defendant in a civil action to a trial in the county of his residence, pursuant to Section 10-303, 1952 Code of Laws of South Carolina, is a substantial right. *Wood v. Lea,* 219 S. C. 409, 65 S. E. (2d) 669; *Dison v. Wimbly,* 230 S. C. 187, 94 S. E. (2d) 877; *Perdue v. Southern Railway Co.,* 232 S. C. 78, 101 S. E. (2d) 47.

The plaintiff's position is that Henry Smith, the defendant, having answered generally before moving to change the venue has waived his right to do so.

In the case of *Witherspoon v. Spotts & Co.,* 227 S. C. 209, 87 S. E. (2d) 477, 478, an action for death was brought in Clarendon County against one Hunter, a resident of Lancaster County, and Sharpe Construction Co. of Clarendon County. Hunter moved to change the venue to the county of his residence, contending that Sharpe Construction Co. was an immaterial defendant, joined only to retain venue in Clarendon County. The lower Court found as a fact that Sharpe Construction Co. was an immaterial defendant and ordered the venue changed to Lancaster County. The plaintiff appealed this order on the ground that Hunter, having answered generally before moving to change the venue, had

waived his right to do so. In disposing of this question, this Court said:

"The first question must be resolved against the contention of appellant upon authority of the recent case of *Brown v. Palmetto Baking Co.,* 220 S. C. 38, 66 S. E. (2d) 417, 419, wherein it is held that answer in an action does not constitute a waiver of the right to move to transfer a case to the proper county for trial, stating:

" 'The Nixon & Danforth decision is very clearly authoritative of the rule that answer in an action does not constitute waiver of the right to move to transfer the case to the proper county for trial. The subsequent cases in point that have been cited in the argument of this appeal are not in conflict with that rule, which will be demonstrated by brief review of them. Before that, it may be said that issues are not joined, necessitating trial, until answer or demurrer, so motion to change the place of trial cannot logically be required in advance of answer or demurrer.' *Nixon & Danforth v. Piedmont Mutual Insurance Co.,* 74 S. C. 438, 54 S. E. 657. See, also, *Willoughby v. Northeastern R. Co.,* 46 S. C. 317, 24 S. E. 308; *Hunter v. D. W. Alderman & Sons Co.,* 79 S. C. 555, 61 S. E. 202; *Rosamond v. Lucas-Kidd Motor Co., Inc.,* 182 S. C. 331, 189 S. E. 641."

Under the authority of the foregoing case we must conclude that the defendant, Henry Smith did not waive his right to move to transfer this case to the county of his residence. He was there entitled to a trial of this case. Section 10-303, 1952 Code of Laws of South Carolina. We conclude, therefore, that the trial Judge was in error in not granting the motion of the said defendant to transfer the case to the county of his residence.

Having reached the foregoing conclusion, it becomes unnecessary for us to pass upon the question of whether the trial Judge committed error in refusing the motion to transfer this cause from Darlington County to Florence County on the ground that such a change would be for the convenience of witnesses and promote the ends of justice.

The Order appealed from is reversed and this case is remanded for the entry of an order changing the venue from Darlington County to Florence County, South Carolina.

Reversed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.