## 17656

Neal SEEGARS, Appellant, v. WIS-TV (BROADCASTING COMPANY OF THE SOUTH), and Esso Standard Oil Company, Respondents.

(114 S. E. (2d) 502)

*Messrs. J. Clator Arrants,* of Camden, and *Arthur L. Jones,* of Kershaw, *for Appellant,*

*Messrs. Frank B. Gary, Frank K. Sloan, Cooper & Gary, W. C. Boyd* and *Boyd, Bruton & Lumpkin,* of Columbia, *for Respondents,*

May 11, 1960.

OXNER, Justice.

This action was brought against the Broadcasting Company of the South and the Esso Standard Oil Company to recover damages for alleged defamation by television occurring during a news broadcast sponsored by Esso over the facilities of Station WIS-TV. This station is located in Columbia, South Carolina, and is operated by the Broadcasting Company.

The plaintiff, along with five other persons, was taken into custody by South Carolina law enforcement officers and officers of Kershaw County on or about January 2, 1957, in connection with the investigation of the beating of a Camden school bandmaster. A news report of the arrest was

made by the television station, and a photograph of the plaintiff shown on the news program. Plaintiff and the others concerned were thereafter released, and this action brought alleging defamation.

There has been some difference of opinion as to whether a defamation is libel or slander when televised. Virginia Law Review, Volume 42, page 63, January, 1956. However, we need not pursue the question here because this action is characterized in the agreed statement as one to recover damages for libel.

The case is here on appeal by plaintiff from that portion of an order of the Circuit Court (1) requiring him to make his complaint more definite and certain, (2) striking certain allegations of the complaint, (3) denying his motion to strike certain defenses in the answers, and (4) changing the venue from Kershaw County to Richland County. The exception charging error in refusing plaintiff's motion to strike certain portions of each answer was not argued either orally or in the brief and, therefore, will be considered as abandoned.

We shall first discuss whether the Court erred in requiring plaintiff to make his complaint more definite and certain. It is alleged in the complaint that there was published and broadcast on January 3, 1957 over the facilities of WIS-TV that plaintiff "had been arrested and was charged with being a party to the crime of flaying, flogging, and beating of one, Guy Hutchins, or words to that effect", and in conjunction therewith there was exhibited and shown "a picture of the plaintiff with a number hanged around plaintiff's neck, thereby intentionally conveying to thousands of South Carolinians, that plaintiff was a criminal." It was further alleged that said broadcast "was false, wanton, defamatory, and malicious."

Defendants made a motion to require plaintiff to make his complaint more defiinite and certain by stating with particularity the words, statements or pictures in the broadcast which were false and defamatory. The Court held that the

allegation with respect to the picture was sufficient but "the plaintiff should be required to set forth in more detail substantially the words claimed to have been used by the defendants in making the oral broadcast of which the plaintiff complains and to relate such words to the picture claimed to have been broadcast." The Court further held that the complaint should be made more definite and certain by alleging "which part or parts of the broadcast plaintiff claims were false."

The Circuit Judge has a wide discretion in passing on a motion under Section 10-606 of the 1952 Code to make more definite and certain. *Anderson v. Singleton,* 164 S. C. 94, 161 S. E. 873; *Ridgeland Box Mfg. Co. v. Sinclair Refining Co.,* 216 S. C. 20, 56 S. E. (2d) 585; *Ellen v. King,* 227 S. C. 481, 88 S. E. (2d) 598. In *Epstin v. Berman,* 78 S. C. 327, 58 S. E. 1013, 1014, the Court said:

"An order to make pleadings definite and certain by amendment is appealable when it deprives the appellant of some substantial right. * * * The Code, however, invests the circuit court with power to order such amendment when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge is not apparent, and large discretion must necessarily be allowed the circuit court, and the court's action will not be disturbed except in a case where it clearly appears that the appellant has been prejudiced."

Presumably the Broadcasting Company has a record of the broadcast complained of and plaintiff should not be required to give a detailed review of it. *Spurlin v. Colprovia Products Co.,* 185 S. C. 449, 194 S. E. 332. And we do not construe the order of the Circuit Judge as exacting such a requirement. Plaintiff is only asked to give the substance of the statements claimed to be defamatory, together with their relation to the picture, and to state the part or parts thereof claimed to be false. We find no abuse of discretion in requiring the complaint to be made more definite and certain in these particulars, nor does it appear that plaintiff would be prejudiced in doing so.

There is some suggestion that by answering defendants waived the right to require the complaint to be made more definite and certain but all rights under the motions were reserved in the answers. Moreover, the question of waiver was not presented in the Court below. The exception relating to this phase of the case is overruled.

In the complaint it is alleged that each defendant is a "large, powerful and wealthy corporation." Defendants moved to strike these allegations. The Court struck the words "large" and "powerful" but refused to strike "wealthy". We find no prejudicial error. Under the allegation that defendants are wealthy corporations, plaintiff, on the issue of punitive damages, can show the financial status of each defendant and its ability to pay.

There remains the question of whether the Court erred in changing the venue from Kershaw County, where the action was brought, to Richland County. The motion to change the venue was made upon the grounds that (1) neither of the defendants had an office or agent or transacted any business in Kershaw County, and (2) that Esso was not a material party to the controversy and was joined as a defendant solely for the purpose of prejudicing the right of the Broadcasting Company to have the venue changed.

In support of the first ground there was presented an affidavit by the executive vice-president of the Broadcasting Company in which he stated that its corporate offices were in the City of Greenville but its principal office and place of business was in the City of Columbia where its studios, transmitters and equipment were located. He further stated that while his Company owns a tract of land in Kershaw County upon which an antenna is being erected, said antenna is not yet in operation and the premises have not been occupied, and that said Company has no employees or agents and transacts no business in Kershaw County. There was also presented an affidavit by the district manager of Esso in which he stated that it owned a bulk plant at Camden in

Kershaw County from which petroleum products were sold and dispensed at wholesale under a commission agency agreement; that it owned two service stations in the City of Camden which were leased to individuals and over which it had no control; and that it had no office or general agent in Kershaw County. In opposition to this showing, plaintiff filed an affidavit by the treasurer of Kershaw County in which he stated that he was "a constant watcher of WIS-TV and that during the past two years he has seen several Camden firms advertised over WIS-TV, among them being Auto Finance Company and Smith's Amoco Station, both of which are located in the City of Camden." Plaintiff also filed an affidavit by the Clerk of Court of Kershaw County in which he stated that the Broadcasting Company owned 330 acres of land in that county and for some time had been engaged in the erection, building and construction of a television antenna on said property.

The second ground—that Esso was an immaterial defendant—is based on the theory that the Broadcasting Company was an independent contractor in making said newscast and is solely responsible for any defamatory statements made. According to defendants' affidavits, Esso used this station as a medium to advertise its products and furnished through an advertising agency the commercial advertising material, but the newscast was compiled and produced solely by the Broadcasting Company with no right of control on the part of Esso or its advertiser. Under the contract between the parties set out in the record, the Broadcasting Company agreed to hold Esso and its advertising agency harmless against any liability resulting from the news broadcast. Plaintiff filed an affidavit to the effect that at the beginning and end of the program it was stated that it was being presented by Esso.

On this question of venue, we are met at the outset with a finding by the Court below that WIS-TV was an independent contractor in broadcasting the news program, and that Esso was "not such a material and *bona fide* defendant as to

permit its joinder by plaintiff to deprive this defendant WIS-TV of the right to trial in Richland County." Whatever doubt there may be as to the soundness of this conclusion, plaintiff has not appealed from this finding, nor is it discussed in his brief. It, therefore, becomes the law of the case.

It is well settled that an immaterial defendant cannot be used to deprive a codefendant of the right of trial in the county of his residence. *Rosamond v. Lucas-Kidd Motor Co., Inc.,* 183 S. C. 544, 191 S. E. 516; *White v. Nichols,* 190 S. C. 45, 1 S. E. (2d) 916; *Moody v. Burns,* 222 S. C. 258, 72 S. E. (2d) 189; *Warren v. Padgett,* 225 S. C. 447, 82 S. E. (2d) 810; *Belger v. Caldwell,* 231 S. C. 335, 98 S. E. (2d) 758; *Perdue v. Southern Railway Co.,* 232 S. C. 78, 101 S. E. (2d) 47. Since we must consider Esso as an immaterial defendant joined solely for the purpose of maintaining the action in Kershaw County, for venue purposes this defendant must be disregarded and the sole inquiry is whether the Broadcasting Company is subject to suit in that county.

As this defendant is a domestic corporation, it may be sued in any county in which it owns property and transacts business, regardless of whether it maintains an office or has agents in such county. Section 10-421 of the 1952 Code. It is conceded that subsequent to the alleged defamation, the Broadcasting Company acquired a tract of land in Kershaw County upon which an antenna was being erected, but it is not contended that this antenna had been put in operation at the time the motion was made for change of venue. The narrow question then is whether the Broadcasting Company was transacting any business in Kershaw County. In *Atkinson v. Korn Industries, Inc.,* 219 S. C. 402, 65 S. E. (2d) 465, 466, the Court said:

"The phrase 'transact business' is one of rather wide latitude. It is generally held that for a corporation to transact business within the meaning of such a statute, the business transacted by it in the County must be a part of its usual or ordinary business and must be continuous in the sense of

being distinguishable from mere casual, occasional, or isolated transactions. However, no all-embracing rule can be laid down as to when a corporation transacts sufficient of its business within a County to bring it within the statute."

The only showing of transacting business is contained in the affidavit of the county treasurer to the effect that over a period of two years he had seen several Camden firms advertised on Station WIS-TV. It does not appear whether this advertisement was solicited by this Station and, if so, whether it was done by telephone or personal calls. Be that as it may, we do not think such occasional or isolated acts would constitute transacting business under the rule laid down in the *Atkinson case*. Certainly the conclusion of the Court below that the Broadcasting Company was not transacting business in Kershaw County is not without evidentiary support. The facts here are distinguishable from those in *Gibbes v. National Hospital Service, Inc.,* 202 S. C. 304, 24 S. E. (2d) 513, as there the business transacted by the Insurance Company was regularly done as a part of its ordinary business and was of a continuous nature.

All exceptions are overruled and the order of the Circuit Court is affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.