18432

Sam HARMON, Appellant, v. G. B. GRAHAM, Respondent
(145 S. E. (2d) 521)

*Messrs. Isadore E. Lourie* and *John Gregg McMaster,* of Columbia, *for Appellant,*

*Messrs. James P. Mozingo, III,* and *D. Kenneth Baker,* of Darlington, *for Respondent,*

December 7, 1965.

BUSSEY, Justice.

Plaintiff-appellant, a resident of Richland County, commenced this action in Richland County against the defendant-respondent, a resident of Darlington County, to recover damages sustained in an automobile collision which occurred in Richland County. In due time, the defendant served upon plaintiff a motion for a change of venue to Darlington County, pursuant to Section 10-303 of the 1962 Code of Laws of South Carolina, which provides, *inter alia,* that,

"* * * the action shall be tried in the county in which the defendant resides at time of the commencement of the action."

On the same day, the defendant, "not waiving but specifically reserving all rights under his motion for a change

of venue heretofore served", served upon the plaintiff an answer and counterclaim. From an order of the circuit court granting defendant's motion for a change of venue to Darlington County the plaintiff appeals.

The appeal presents what is apparently a novel question in this jurisdiction. Plaintiff's contention is that, by asserting a counterclaim, the defendant became a moving party or actor in the proceeding, thereby invoking the jurisdiction of the Court of Common Pleas for Richland County and waiving any right he had to a trial in the county of his residence. It is first pointed out by the plaintiff that under Section 10-705 of the Code, and the decision of this court in the case of *Collins v. Johnson,* 242 S. C. 112, 130 S. E. (2d) 185, the defendant had the right to elect whether he would assert a counterclaim or bring an independent action against the plaintiff, and therefore, he was not required to file a counterclaim; and that in doing so voluntarily he invoked the jurisdiction of the Court of Common Pleas for Richland County. The plaintiff cites no case from this or any other jurisdiction, which we think is in point on the facts, in support of his contention. Plaintiff relies strongly on a quotation from 92 C. J. S. Venue § 124, p. 822, which reads as follows:

"Cross action. As a general rule, filing a cross bill, or cross action seeking affirmative relief, is a waiver of defendant's privilege to be sued in the county of his residence."

We need not consider here the soundness of the stated general rule since the language thereof clearly does not contemplate such cases as this, where objection to venue had been raised and the counterclaim was served without waiving, but specifically reserving, the defendant's rights under such objection. The footnotes to the foregoing text cite as authority therefor decisions from several jurisdictions, and reference to the cited cases shows that they are all factually distinguishable, in one way or another, from the case at bar.

92 C. J. S. Venue § 217, p. 991, deals with various circumstances under which an objection to venue is, or is not, waived after it has been made. It is said there,

"* * * filing an answer to the merits with, or at the same time as, a plea of privilege or motion to change the venue, or pleading to the merits subject to the plea of privilege, or interposing an answer after having made a proper and timely demand for a change of venue, or pleading over, or filing a cross action, or answer and cross complaint, or an answer and cross action in which it is expressly declared that it is subject to the plea of privilege * * * has been held not to constitute a waiver of the plea or motion."

As will be seen from the text, this quotation is applicable to the facts of this case, rather than the quotation relied upon by the plaintiff. Cited in the footnotes to the text last quoted are the only two cases which we have discovered that are clearly in point on the facts with the instant case. Both of them hold adversely to the plaintiff's contention.

In the case of *Hickman v. Swain,* 106 Tex. 431, 167 S. W. 209, it was expressly held that where a plea of privilege was filed in due order of pleading, the filing of a plea over against the plaintiff, subject to the plea of privilege, did not effect a waiver of the plea of privilege. Reference to the opinion will show that the plea of privilege referred to is precisely the same as our motion for a change of venue to the residence of the county of the defendant. The later Texas case of *McLelland v. Hutcheson,* Tex. Civ. App., 33 S. W. (2d) 601, states, without citing them, that there are a number of other cases which hold in accord with the *Hickman case.*

The other case in point in that of *Goss v. Brown,* 64 Cal. App. 381, 221 P. 683, opinion by the District Court of Appeals of California, hearing denied by the Supreme Court. There the single question was whether defendant, by filing a cross complaint with his answer at the time of filing the moving papers, waived his right to have the place of trial changed to the county of his residence, the court holding that such did not constitute a waiver. The reasoning of the California court in that case is, we think, quite applicable

to the present case. After pointing out that the California statute provided that a cross complaint might be filed at the same time as the answer, or by permission of the court subsequently, the court quoted from an earlier California decision wherein it was said,

"It would be a very harsh rule to hold that by following the statute the defendant waives a privilege conferred by the statute."

In the instant case, Section 10-303 of the Code gave to the defendant the right of trial in the county of his residence, and Section 10-705 gave him, at his option, the right to file a counterclaim.

He followed the proper procedure for the assertion of his right under the first mentioned section, and it would be an anomaly, we think, to hold that he could not assert his right under the latter section of the Code without waiving his right under the first mentioned section, which right was expressly reserved.

For the foregoing reasons, we find no error in the judgment of the lower court, and the same is, accordingly, affirmed.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.