### 21159

LANDVEST ASSOCIATES, Respondent, v. Marion B. OWENS, Jr., Appellant. LANDVEST II, Respondent, v. Marion B. OWENS, Jr., Appellant.

(263 S. E. (2d) 647)

*Coming B. Gibbs, Jr.,* of *Gibbs, Gaillard, Rowell & Tanenbaum,* Charleston, *for appellant.*

*Theodore B. Guerard,* of *Guerard & Applegate,* Charleston, *for respondents.*

February 26, 1980.

GREGORY, Justice:

This is an appeal from an order of the lower court denying appellant Owens' motions for changes of venue. We affirm.

Respondents Landvest Associates and Landvest II brought these separate actions, combined on appeal, against appellant seeking an accounting under the South Carolina Limited Partnership Act and for alleged fraud and deceit. At the time these actions were commenced appellant was a resident of Beaufort County, where he was served. The lawsuits, however, were filed in the Court of Common Pleas for Charleston County.

Before moving for changes of venue to the county of his residence pursuant to Section 15-7-30, Code of Laws of South Carolina (1976), appellant answered, counterclaimed, participated in extensive discovery proceedings, successfully opposed respondents' motions for summary judgment, and moved that respondents be required to elect between their causes of action. It was only thereafter that appellant asserted his right to be tried in the county of his residence. The lower court ruled appellant had by the foregoing actions waived his right to changes of venue.

Although never expressly overruled, it is clear that *Ex Parte Ware Furniture* [49 S. C. 20, 27 S. E. 9] and *Nixon & Danforth* [*v. Piedmont Mutual Ins. Co.*, 74 S. C. 438, 54 S. E. 657 (1960)], insofar as they hold the right to be tried in the county of one's residence is a non-waivable limitation on subject matter jurisdiction, are no longer the prevailing law. In 1933, *Lillard v. Searson*, 170 S. C. 304, 170 S. E. 449, held that the right of a defendant to be tried in the county of his residence was not a limitation of subject matter jurisdiction and could be waived. This holding was reaffirmed a few years later in *Rosamond v. Lucas-Kidd Motor Co.*, 182 S. C. 331, 189 S. E. 641 (1937) and has been the law of this State since. Under the present state of the

law, it is clear that the right to be tried in the county of one's residence, while it is a "substantial and valuable right", *e. g. Lucas v. Atlantic Greyhound Federal Credit Union*, 268 S. C. 30, 231 S. E. (2d) 302 (1977), relates only to the question of venue and can be waived. 242 S. E. (2d) at 432.

■ While many jurisdictions have adopted the rule that pleading to an action itself evokes a waiver of a defendant's right to be tried in the county of his residence, 77 Am. Jur. (2d), *Venue*, § 47; 92 C. J. S. *Venue* § 216, appellant correctly argues that the filing of an answer to an action in this State does not constitute such a waiver. *Brown v. Palmetto Baking Co.*, 220 S. C. 38, 66 S. E. (2d) 417 (1951); *Witherspoon v. Spotts and Company*, 227 S. C. 209, 87 S. E. (2d) 477 (1955). And where a defendant expressly reserved his right to move for a change of venue when filing an answer and counterclaim, this Court has held the asserted counterclaim did not constitute a waiver. *Harmon v. Graham*, 247 S. C. 54, 145 S. E. (2d) 521 (1965). Although we adhere to our prior decisions on this issue, we refuse to extend the holdings of *Brown, Witherspoon* and *Harmon* as appellant urges us to do.

■ Here, appellant's activities in the defense of the primary actions and the prosecution of his counterclaims have placed him beyond the protective pale of *Brown, Witherspoon* and *Harmon*. In particular, appellant's defense of respondents' motions for summary judgment clearly constitutes a waiver. Had he not been successful, summary judgments against him would have precluded his seeking changes of venue even under prior case law. See *Rosamond* and *Lillard, supra*. Appellant's motions for changes of venue came too late.

Affirmed.

LEWIS, C. J., LITTLEJOHN and NESS, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.