## 21007

Pennie Wenn Sykes VORAVUDHI, Respondent, v. Vihaya Arthavedy VORAVUDHI, Appellant.

(257 S. E. (2d) 156)

*McGowan, Nettles, Keller & Eaton,* Florence, *for appellant.*

*Hyman, Morgan, Brown, Saleeby, Jeffords & Rushton,* Florence, *for respondent.*

July 18, 1979.

NESS, *Justice.*

This appeal is from an order denying a change of venue in a divorce action. We affirm.

Appellant and respondent·were formerly husband and wife, and last lived together in Florence, South Carolina. The wife instituted an action for divorce, *a mensa et thoro,* and an order setting child support was issued by the Florence Family Court on July 2, 1976. The instant action was brought by the wife on July 28, 1978, seeking a divorce on the grounds of physical cruelty and adultery, alimony, and increased child support as well as other relief. The appellant husband made a special appearance objecting to jurisdiction of the Florence Family Court, and moved for a change of venue to Lexington County, where he now resides.

The trial court properly ruled that according to Code § 20-3-60 (1976), venue was proper in Florence County since the parties last resided there as husband and wife. That provision states:

"Actions for divorce from the bonds of matrimony shall be tried in the county (a) in which the defendant resides at the time of the commencement of the action, (b) in which the plaintiff resides if the defendant is a nonresident or after due diligence cannot be found *or* (c) *in which the parties last resided together as husband and wife* unless the plaintiff is a nonresident in which case it must be brought in the county in which the defendant resides." (Emphasis supplied).

Appellant asserts the "shall" indicates a mandatory directive that actions for divorce must be tried in the county in which the defendant resides at the time of the commencement of the action. This construction is erroneous as it renders nugatory the word "or" which indicates the action is triable in any one of the three alternative places. See concurring opinion of Justice Oxner, *Thomas v. Thomas,* 218 S. C. 235, 62 S. E. (2d) 307 (1950); 1953-54 Op. Atty. Gen. 78.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ. concur.